## MARTIN vs. HIGGINS.

23   775
114   694

1. When a defendant, against whom a judgment is rendered by a justice of the peace, removes the case by appeal to the Circuit Court, he is regarded as the actor in the subsequent proceedings, and is held to be constantly in court.
2. The notice to the appellee, required in appeal cases from justices of the peace, is intended solely for the benefit of the appellee, and the appellant cannot complain on error that it was not given.
3. "Plaintiff claims $50, for work and materials," held a sufficient statement to sustain a judgment by default and writ of inquiry.
4. The action of the inferior courts on motions for new trials, is not revisable on error.

ERROR to the City Court of Mobile.

Tried before the Hon, ALEX. McKINSTRY.

THE facts are these: On the 10th September, 1852, Higgins obtained a judgment against Martin, before a justice of the peace, for the sum of $50 and costs. On the 13th of that month Martin took an appeal to the City Court, which commenced its session on the second Monday in October, 1852.— During that term, Higgins appeared by his counsel, and filed a statement in the following words: "Plaintiff claims $50 for work and materials." Martin having failed to appear, a judgment by default was rendered against him, and a writ of inquiry was awarded returnable immediately. A jury was empannelled, who assessed the plaintiff's damages, and the court gave judgment final for the amount of the verdict.

On the last day of the term Martin appeared, filed affidavits, and moved for a new trial, which the court refused. To the ruling of the court on this motion Martin excepted, and the court signed and sealed a bill of exceptions, setting forth many facts, which it is unnecessary to note, as they are not looked to in passing on the errors assigned.

Martin here assigns for error:

1. That the justice of the peace did not return the appeal and papers in the case into the City Court until after the commencement of the session at which the judgment was rendered;

2. Because no notice of the appeal issued to the appellee until after the court commenced its session;

3. Because the statement of the cause of action is insufficient;

4. Because the court overruled the motion for new trial;

5. The court erred as set out in the bill of exceptions.

C. W. RAPIER, for plaintiff in error.

LIGON, J.—There is no error in this record of which the plaintiff in error can rightfully complain.

1. The first assignment of error is predicated on nothing which is disclosed by record, except it be in the affidavit of the plaintiff in error, filed in aid of his motion for a new trial in the court below, and introduced into the bill of exceptions as a part of the evidence of surprise on which he rested that motion.— The record taken from the minutes of court, which must be held to import absolute verity, is in the regular form of records in cases of appeal, and does not show that the case was docketed in or brought up to the City Court during the term at which it was tried. Even if it were otherwise, the plaintiff in error could not be allowed to complain of it. The case was brought into the City Court on his appeal; and although, under our statute, the position of the parties remains unchanged on the docket, he must be regarded as the actor, and held to be constantly in court. Indeed, these very affidavits show he was so, until his counsel abandoned him when his case was called, and he was not personally present.

2. The statute requires that the appellee, in cases brought by appeal from a justice of the peace, shall have notice of the appeal at least five days before the term of the court to which it is returnable, or the cause shall not be tried at the first term. But this is a provision solely for the benefit of the appellee. If he appears without it, he waives it, and would not be allowed to continue the cause for the want of it; and if he so appear and insist on a trial, the appellant would not be heard to urge the want of it as a ground for continuance. He cannot, therefore, be heard to complain of it on error.

3. The statement of the cause of action in this case is neither so full nor so formal as such statements usually are, but still

we think it sufficient to enable the jury, who were sworn to assess the damages under it, to understand the nature of the plaintiff's claim and the foundation of his demand. It is a sufficient informal count in *assumpsit*, for work and labor done and materials furnished by the plaintiff for the defendant, to the amount of fifty dollars, which is claimed by the plaintiff. Great strickness is never required in the pleadings in such cases, and substance, not form, is sought for. The statement, and the verdict founded upon the proof admitted under it, are sufficient to sustain the final judgment of the court; and the statement alone will sustain the first judgment by default, and the writ of inquiry awarded on that. The plaintiff in an appeal case, in which the amount in controversy exceeds twenty dollars, and the defendant does not appear, may proceed to judgment in the same manner as in cases of original jurisdiction in the Circuit Court.—Bevin v. Goodman, Minor's R. 90.

4. The fourth assignment of error cannot be examined in this court, for it has long been settled, beyond all controversy, that the Supreme Court will not revise the action of inferior tribunals on motions for new trials.—Lecatt v. Stewart, 2 Stewart 474; 3 Stew. 244; 2 Por. 182; 10 Ala. 538.

It results, from what has been said, that the record is free from error, and the judgment is affirmed.