[Cottingham v. Smith.]

# Cottingham *v*. Smith.

*Common Law Certiorari to Quash Judgment.*

(Decided Nov. 14, 1907. 44 So. Rep. 864.)

1. *Justice of the Peace; Judgment; Want of Jurisdiction.*—A judgment rendered by a justice of the peace is void where the docket fails to show that the defendant was ever served with process or that he appeared in court or that he had any notice of any kind given of the pendency of the proceedings.

2. *Certiorari; Review of Judgment; Remedy.*—Certiorari is the proper remedy to quash on review a judgment rendered by a justice of the peace where no process was served on defendant and he had no notice of the proceedings and did not appear, and was without knowledge of the judgment against him.

3. *Same; Waiver of Invalidity; Appearance; Effect on Appeal.*—Notwithstanding the justice's docket showed that both parties were present on a motion to revive the judgment, such does not show a waiver of the invalidity of the judgment, especially when the waiver is not pleaded and the entry on the docket may refer as well to a garnishee as to a defendant; and the judgment may be quashed by certiorari for want of jurisdiction of the defendant.

4. *Judgment; Vaildity; Want of Jurisdiction; Revival.*—A judgment which was rendered without jurisdiction of the person is a nullity and cannot be vitalized by an order of revival.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Certiorari by J. W. Smith against J. M. Cottingham to quash a judgment of a justice of the peace rendered for Cottingham and against Smith. From a judgment annulling the judgment in the justice's court, Cottingham appeals. Affirmed.

J. M. McMASTER, for appellant.—Defects which go to the jurisdiction over the subject matter cannot be cured, but jurisdiction over the person may be waived by the party.—24 Cyc. 526. The officer may be permitted on proper showing either before or after notice, to

[Cottingham v. Smith.]

amend his return to conform to the facts.—24 Cyc. 527.
A general appearance is a waiver of defects or any ir-
regularities in the proceeding.—24 Cyc. 530. The de-
fendant had a complete and adequate remedy at law by
appeal, and having failed to appeal, the writ of certio-
rari should have been quashed.—130 Ala. 185; 6 Cyc.
742. More than three years having elapsed since the
rendition of the judgment in the justice court, no writ
could issue in any event.—*Penos v. Ross*, 19 Ala. 237;
*Mason v. Moore*, 12 Ala.

No counsel marked for appellee.

SIMPSON, J.—The appellee filed a petition in the
circuit court for a common-law writ of certiorari to the
justice of the peace court to supersede a judgment
therein. The petition alleges that no process was is-
sued, or any notice served on him; that he had no notice
or knowledge of any proceeding against him in said jus-
tice of the peace court, or of the judgment which was
entered up against him on the 22d day of September,
1900, until some time in the year 1904; and that no pro-
cess was issued on said judgment until September 27,
1906, when an execution was issued thereon and levied
on his property. It also alleges that the record does not
show that any summons was served on him, and states
formally the grounds of his contention. The petition
also sets out a copy of a motion, made in the justice of
the peace court by him, seeking to quash the levy, which
was overruled. The respondent offered a motion to
strike the petition and also a demurrer to the same,
which were overruled; and he filed an answer, in which
"the respondent pleads the transcript of the docket of
the justice of the peace and says there is no right in law
for the granting of the writ." The court granted the pe-

tition, and ordered the judgment of the justice court quashed.

Not only does the docket from the justice of the peace court fail to show that any process was ever served on the petitioner, or that he appeared in court, but in the state of the pleading the petition must be taken as true, showing that no process was served on the petitioner or any notice of any kind given him of the pendency of the proceedings against him. Under these circumstances the court had no jurisdiction of his person, the judgment is void, and the proceeding by writ of certiorari is the proper remedy.—*Independent Pub. Co. v. Am. Press Ass'n.* 102 9la. 475, 15 South. 947 et se.; *Beach v. Lavender,* 138 Ala. 406, 35 South. 352; *M. & C. R. R. v. Brannum,* 96 Ala. 461, 11 South. 468.

It is insisted that the appellee appeared, as shown by the docket of the justice of the peace, on the motion to revive the judgment, and thereby waived its invalidity. It is a sufficient answer to this contention that the pleadings do not set up any such waiver; also that the memorandum on said docket seems to refer to the execution against the garnishee, and it states, "Notice of sci. fa. for revival of judgment," and the subsequent reference of "both parties being present" may refer as well to the garnishee as to the defendant. Again, if the judgment was a nullity (as it was in this case), "it could not be vitalized by an order of revivor," and while the opinion in which this expression is used states that the revivor and execution, in that case, estopped the appellee from gainsaying the validity of the decree, yet that was a case in which the judgment revived was said to be merely irregular, and not a nullity.—*Martin v. Tally,* 72 Ala. 23, 29. In a subsequent case this court said: "There can be no revival of a nullity." "There is no merit in the plaintiff's contention that the garnishee's

[Cottingham v. Smith.]

appeal from the justice's judgment of revivor admitted jurisdiction in the justice's court to render the money judgment."—*Burgin v. Ivy Coal & Coke Co.*, 127 Ala. 657, 662, 29 South. 67.

The cases on the subject of limitation of certiorari in the nature of an appeal have no application to this case. Again, the limitation was not set up by pleas.

The judgment of the court is affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and DENSON, JJ., concur.