# Western Union Tel. Co. *v.* Stokes.

*Failure to Transmit and Deliver Telegram.*

(Decided April 14, 1910. Rehearing granted Dec. 22, 1910.
54 South. 181.)

1. *Telegraphs and Telephones; Failure to Deliver; Exemplary Damages; Evidence.*—Where the action was for failure to deliver a message and the plaintiff showed delivery of the message to the defendant, that it was never received at the point where directed, that several hours after defendant had received the message, plaintiff went to its agent and inquired if an answer had been received, whereupon, the agent informed him that no answer had been received, and that plaintiff again inquired, and the defendant offered no evidence, the jury was authorized to infer therefrom wanton or intentional wrong, and to award exemplary damages.

2. *Evidence; Best and Secondary Evidence; Predicate for the Introduction of Secondary.*—Where the action was for failure to deliver a telegram, and there was endorsed on the complaint notice to

[Western Union Tel. Co. v. Stokes.]

the defendant to produce at the trial the original of the message dated Jan. 6, 1906, referred to in the complaint, and later the complaint was amended changing the date from Jan. 6, to Jan. 4, the amendment operated to make the notice one to produce the telegram of Jan. 4, 1906, and secondary evidence of the contents of the telegram became admissible upon the failure of the defendant to produce the original.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES A. SENN.

.Action by R. H. Stokes against the Western Union Telegraph Company for damages for failure to transmit and deliver a telegram. Judgment for plaintiff and defendant appeals. Affirmed.

CAMPBELL & JOHNSTON, for appellant. The court erred in submitting to the jury the question of punitive damages.—*W. U. T. Co. v. Westmoreland*, 44 South. 382; *Western U. T. Co. v. Leland*.

BOWMAN, HARSH & BEDDOW, for appellee. Counsel discuss the complaint and insist that a clerical misprision therein was self correcting, and that it was so treated by the attorneys for the appellent. They further insist that under the evidence the court properly submitted to the jury the question of the defendant's wilful or wanton wrong.

SAYRE, J—This is an action in tort for damages arising from a failure to transmit and deliver a telegraphic message. On request of the defendant the jury were instructed that the plaintiff could not recover on account of mental anguish suffered, expenses incurred, or time lost by plaintiff. The result shows a recovery of exemplary damages or smart money.

It is insisted that such damages were not recoverable under the evidence. Plaintiff testified to the delivery for transmission of the message laid in the complaint to

the defendant's agent at Birmingham. No such message was ever received at the office of the defendant at Morton, Miss., to which point the message was directed. Several hours after the defendant had received the message the plaintiff went to the company's agent at Birmingham, expressing concern about the massage, and inquiring whether an answer had been received. The agent informed plaintiff that no answer had been received, and said that he would "look after it." Later plaintiff inquired again. The defendant offered no evidence. Were the jury authorized to infer wanton or intentional wrong on the case thus made? We think cases heretofore decided in this court require an affirmative answer. Very much in point are *W. U. Tel. Co. v. Cunningham,* 99 Ala. 314, 14 South. 579, and *W. U. Tel. Co. v. Crowley,* 158 Ala. 586, 48 South. 384. *W. U. Tel. Co. v. Seed,* 115 Ala. 679, 22 South. 474, is not widely different, though the facts there furnished a more obviously substantial basis for the assessment of exemplary damages.

Appellant urges *W. U. Tel. Co. v. Westmoreland,* 151. Ala. 319, 44 South. 382. In that case the authority of *W. U. Tel. Co. v. Seed,* supra, was recognized. But the fact was that a message directed to Athens, Ala., being routed by way of Atlanta Ga., was for some undisclosed reason, it is said, sent to Athens, Ga. Subsequently, however, the mistake was discovered, and the telegram delivered to the addressee in Athens, Ala., though too late to serve its purpose; and it was held that the evidence of these facts was insufficient to show any willful or malicious act, any decided tort, and it was ruled not to be a case for punitive damages. In that case every suggestion was of mere inadvertence. There was no suggestion to the contrary. Here, how-

ever, the jury were free to infer that no effort was made in the discharge of the duty to transmit the message, and that though the attention of defendant's agent was more than once called to the matter. We think it cannot be said that these circumstances, unexplained as they were, afforded no inference of a conscious disregard of defendant's duty to the plaintiff in the premises. Their weight was for the jury.

In his original complaint plaintiff declared on a failure to deliver a message of date, to wit, January 6, 1906. A notice was indorsed upon the complaint requiring defendant to produce at the trial "the original of the telegram referred to in the complaint." On January 3, 1907, the complaint was amended by leave of the court so as to change the date "6th day of January," whereever it occurred, to "4th day of January." Trial was had June 9, 1908. Plaintiff, after he had testified that he had an independent recollection of the wording of the telegram, was allowed to state its words to the jury. His statement sustained the amended complaint. The objection was that the question calling for the wording of the message called for illegal, immaterial, irrelevant, and incompetent testimony, and for secondary evidence. Presumptively, the original was in the possession of the defendant. The object of the notice was to obtain the message for use in evidence, and, in the case of its nonproduction, to admit secondary evidence. Obviously the testimony called for was not illegal, immaterial, irrelevant, or incompetent, unless it was secondary and offered under circumstances which did not excuse the production of the original. The meaning , then, of the objection was that the notice to produce was insufficient. If the indorsement upon the original complaint did not operate as notice to pro-

duce the telegram of January 4, 1906, which under the circumstances we need not concede, the amendment of the complaint so operated from the allowance of the amendment, and, of course, the lapse of time between that allowance and the date of the trial removes any possibility of question as to the reasonableness of the notice.

We have examined the points made in appellant's brief, and find no error in the record of which the appellant is in a position to complain. The judgment must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and ANDERSON, JJ., concur.