# Vizard Invest. Co. *v.* Mobile Fish & Oyster Co.

### Assumpsit.

(Decided December 21, 1916.   73 South. 328.)

**Landlord and Tenant; Refusal to Surrender; Liability.**—The term, "expiration of his term," as used in § 4273, Code 1907, means expiration of the term of the lease, and does not apply to any termination for default in rent; hence, the failure of the lessee to pay rent to the successor of its landlord, and the refusal to surrender possession of the property after written demand for possession within the term of the lease, did not render the lessee liable for the double rent provided by the statute.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Assumpsit by the Vizard Investment Company against the Mobile Fish & Oyster Company. Judgment for defendant, and plaintiff appeals. Affirmed.

The third count sets up that on December 20, 1907, defendant entered into a written contract of lease of certain lands therein described with the J. W. Black Lumber Company for the term of 9 years from January 1, 1908, until December 31, 1916, at an annual rental of $1,800 per year, payable monthly in the sum of

$150, evidenced by notes. It is further alleged that in said lease defendant agreed that in case any portion of said rent remained unpaid for a space of 30 days after it became due, then the said lessee, its successor and assigns might re-enter and repossess the said leased premises; that on January 21, 1911, the said Black Lumber Company transferred and assigned said lease, and the rent and rent notes thereafter to become due thereunder, to this plaintiff, and during the continuance of the lease thereafter defendant attornd to plaintiff as the landlord and paid to plaintiff the rent and rent notes thereafter to become due until the rent and rent notes for the month of March, 1915, which became due on April 4, 1915; that defendant, although continuing to use and occupy said property under the lease for said months of March and April, 1915, failed and defaulted in making payment of the rent for said months of March, and April, and every month thereafter, and defendant still owes said rent for said months of March and April and has never paid same, nor the rent for any time thereafter; that on June 25, 1915, plaintiff delivered to the president of the defendant corporation written notice that since the rental for March and April, 1915, had not been paid, but still remained unpaid, and was then unpaid, and in default more than 30 days, that said lease was terminated, and on the next day, June 26th, after the termination of said lease for default in the payment of said rent, plaintiff filed with the president of said corporation written demand of defendant for the possession of said leased property on or before July 8, 1915, but defendant failed and refused to surrender possession of said property, but continued to use and occupy and retain possession thereof for many months after said demand, and after said July 8, 1915. The complaint demands the statutory penalty.

YERGER & FOSTER, for appellant. ERVIN & McALEER, for appellee.

SAYRE, J.—This appeal involves a construction of section 4273 of the Code reading as follows: *"Damages for Detainer after Expiration of Term of Lease.—Any* person who, having entered into the possession of lands and tenements under a contract of lease, forcibly or unlawfully retains the possession thereof after the expiration of his term, or refuses to surrender the same on the written demand of the lessor, his agent or attorney,

or legal representative, is liable for double the amount of the annual rent agreed to be paid under such contract, and for such other special damages as may be thereby sustained by the party thus unlawfully kept out of possession, to be recovered as now provided by law in actions of unlawful detainer, or by an action at law for damages."

This statute contains apparently two alternatives upon the happenings of which the lessee becomes liable for double the amount of the agreed annual rent, to wit: One, the forcible or unlawful retention of possession by the lessee after the expiration of his term; the other, the refusal to surrender the same on the written demand of the lessor, his agent or attorney, or legal representative. The second alternative is not in express terms limited to happen after the expiration of the lessee's term, and yet it cannot be for a moment doubted that the expiration of the term in some sort is necessary to liability in either case.

To be noted in the next place is the fact that the double liability is limited to arise after the expiration of the lessee's term and not otherwise. That the statute is highly penal and is to be construed against liability so far as that may be done consonantly with the language used will not be questioned. In *Lykes v. Schwarz*, 91 Ala. 461, 8 South. 71, STONE, C. J., said: "In *Ullman v. Herzberg*, at the present term [91 Ala. 458, 8 South. 408], we had occasion to interpret section 3391 of the Code of 1886 [section 4273 of the present Code.] Our interpretation of that statute was, that when a tenant, who had entered under a contract of lease, forcibly or unlawfully retained the possession after the expiration of the agreed term," etc.

From this language it seems that the Chief Justice had it in mind that by expiration of the term the statute intended the term nominated in the contract of lease and its termination by the effluxion of time and its own limitation, and not otherwise. It has been so held in respect to similar statutes in other jurisdictions (3 Words and Phrases, 2596), and that, we think, is the proper construction of the statute here.

The third count of the complaint as amended shows that the terms of the original contract of lease between defendant and plaintiff's assignor had not expired when this suit was brought, but that the lease had been terminated by plaintiff's declaration of a forfeiture in accordance with a provision of the contract. It follows from this that the court correctly sustained defendant's

[O'Neal, et al. v. Lovett, et al.]

demurrer to the third count on the ground indicated. Other grounds of demurrer need not be considered.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.