(87 South. 567)

CLEVELAND v. LITTLE CAHABA COAL CO.    (2 Div. 743.)

(Supreme Court of Alabama.   Jan. 23, 1921. Rehearing Denied Feb. 19, 1921.)

1. Justices of the peace ⬅161(1)—Case appealed to the circuit court may be docketed after five days, after which it is subject to trial.

In view of Acts 1915, p. 707, providing that circuit courts shall be open for all purposes throughout the year, except during a week or two near the end of June and of December, all that remains of Code 1907, § 4720, is the requirement of five days' notice of the appeal from the justice court before the cause can be docketed in the circuit court, after which it is subject to call for trial at any time.

2. Justices of the peace ⬅169—Provisions as to notice and time of trial on appeal are for appellee's sole benefit.

Statutory provisions as to notice and time of trial on appeal from justice to circuit court are solely for appellee's benefit, and if he appears and insists on trial, the cause may be heard during the term at which it was tried, and appellant may not complain of immediate trial, since he is the actor.

On Rehearing.

3. Corporations ⬅433(1)—Authority of agent and its extent, resting in parol, is not a matter for the jury, where the evidence thereof is undisputed.

The rule that, if the authority of the agent and its extent rests in parol and is a matter of disputed fact, it becomes a question for the jury, does not apply, where the authority of the agent to execute a lease for the landlord corporation is not in dispute; such agent being vice president and superintendent, fully authorized, and testifying to having specific authority.

4. Corporations ⬅432(12) — Evidence held to show vice president's authority concerning lease.

Evidence held to clearly show vice president's authority to execute a lease and all papers and notices relating to its termination and repossession of premises.

5. Justices of the peace ⬅36(7) — Justice court has jurisdiction, where landlord has terminated lease by his option.

To detain rented property after the right to possess it has been terminated, in whatever manner, even if at landlord's option, the owner having duly demanded surrender, is an unlawful detainer, within the terms of Code 1907, § 4263, and a justice of the peace has jurisdiction of such action.

6. Justices of the peace ⬅36(7) — Difficult questions do not deprive justice of the peace of jurisdiction of unlawful detainer.

That landlord's unlawful detainer action against tenant may involve difficult questions of contractual interpretation and construction, not presented in cases of automatic termination of lease, is no reason for denying the remedy by a proceeding in a justice's court, since the right of appeal and trial de novo is a sufficient insurance against the incapacity of the justice to understand and determine them correctly.

7. Justices of the peace ⬅58(2)—Office records need not show venue in unlawful detainer action.

In proceedings before a justice of the peace, while his office records must show jurisdiction of the subject-matter and also of the person or thing, such requirement does not include a showing as to mere territorial jurisdiction or venue in a proceeding for unlawful detainer.

8. Justices of the peace ⬅72 — Defendant's failure to plead objection to venue waives objection.

Although, under Code 1907, § 4260, unlawful detainer actions are cognizable before justices of the peace "of the county in which the

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

205 ALA.—24

offense is committed," section 4267 fixes the venue of such actions in justices' for the precinct in which lands or tenements are situated; but, if such action be improperly brought as to venue, defendant's failure to plead seasonably thereto in abatement waives the objection.

Appeal from Circuit Court, Bibb County; B. M. Miller, Judge.

Action in unlawful detainer by the Little Cahaba Coal Company against Thornton Cleveland, in justice court. Judgment for plaintiff, and defendant appealed to the circuit court, where judgment was again rendered for plaintiff, and defendant appeals. Affirmed.

"Little Cahaba Coal Company, the lessor, hereby leases to the undersigned, Thornton Cleveland, the lessee, house No. 555, with the premises inclosed within the inclosure immediately surrounding it, for occupation by the lessee as a residence and not otherwise, being a part of the property of lessor at Piper, Alabama, from the date hereof and for the term and of the duration of lessee's employment by the lessor, and upon the following terms and conditions: * * *

"This lease is entered into by the lessor in consideration of the lessee being and remaining in the employment of the lessor during the term of the lease. And the lessor shall have the right to terminate the lease, whenever the lessee has ceased for a period of five consecutive days to perform the duties of his service and employment with the lessor, unless prevented therefrom by some cause which is satisfactory to the lessor, or in the event of his being discharged voluntarily.

"The lessee agrees not to sell or give away or otherwise dispose of any spirituous or malt liquors on the leased premises during the term of the lease, and agrees to pay the rent promptly in advance, and, failing in either, the lessor shall have the right to terminate the lease.

"The lessor may terminate the lease for any of the causes mentioned, by giving to the lessee one day's notice in writing to vacate said premises, and by tendering to the lessee such proportion of rent paid in advance, if any, for the period within which the notice may be given, as the part of such period then unexpired shall bear to the whole of such period; and after the expiration of one day from the date of giving the notice and making the tender as aforesaid the lessor shall be entitled to immediately retake possession of the rented premises, and without making any demand or giving any other notice to maintain an action of unlawful detainer therefor, any law, usage, or custom to the contrary notwithstanding."

The notices are similar to the notices set out in William Johnson v. Blocton-Cahaba Coal Co., 87 South. 559.[1] The suit was begun in the justice court on August 7, tried on August 14, and appealed to the circuit court, where the case was set for trial August 25, 1920, and on being reached was ordered to be set down on September 13, over the objection

and exception of the defendant, at which time the case was tried over the objection and exception of the defendant. In other respects it is similar to the other cases.

Frank S. White & Sons, of Birmingham, for appellant.

Court was in error in directing a verdict for the plaintiff. Wilcox had no written authority from plaintiff to execute the lease, thus making it a jury question. 104 Ala. 176, 16 South. 46; 68 South. 699; 186 Ala. 341, 64 South. 617; 96 Ala. 295, 11 South. 381, 38 Am. St. Rep. 94; 52 Ala. 606, 23 Am. Rep. 578; 121 Iowa, 131, 96 N. W. 718. As to other matters discussed, see abstract of appellant's brief in case of William Johnson v. Blocton-Cahaba Coal Co., post, p. 373, 87 South. 559.

Percy, Benners & Burr, of Birmingham, for appellee.

The cases were properly on the docket, and triable at the time tried. Sections 4261, 4717, 4720, Code 1907; Acts 1915, pp. 707, 809; 23 Ala. 775. For the other contentions of plaintiff, see abstracts of appellee's brief in the case of William Johnson v. Blocton-Cahaba Coal Co., post, p. 373, 87 South. 559.

SOMERVILLE, J. The record shows that judgment was rendered for plaintiff in the justice's court on August 14, 1920, and that defendant filed his appeal bond on the same day. On August 17, 1920, the justice certified the transcript and proceedings, which were duly filed in the office of the circuit clerk on August 17, 1920. The cause was thereupon placed on the trial docket, and was set for trial on August 25, 1920. On August 26, 1920, on motion of plaintiff, the court ordered that the cause be set for trial on September 13, 1920, on which date the trial was had. Defendant duly objected to the making of the latter order, and again duly objected to the trial of the cause on the day set, on the ground that it was improperly on the docket, and that it was not triable until the next term of the court.

[1] Defendant's contention is based upon the provisions of section 4720 of the Code, that cases appealed from justices' courts—

"must be tried at the first term thereafter, if the five days' notice * * * required by law has been given, * * * unless good cause be shown for a continuance; but if such notice has not been given, the cause must be continued to the next term."

Since the passage of the act approved September 22, 1915 (Gen. Acts 1915, pp. 707, 708), providing that circuit courts shall be open for all purposes throughout the year, except during periods of a week or two near the end of June and near the end of December, respectively, the provisions of section 4720 of the Code have been rendered inapt

---

[1] Post, p. 373.

and inoperative in so far as they deal with terms of court as held under the former system. That act was intended to expedite the trials of docketed causes, and not to delay them. It provides that "the causes on the dockets for trial shall be called peremptorily at the times fixed by law and at such other times as may be fixed by order of circuit judge," and, further, that "appeals from municipal, county and inferior courts shall be preferred cases." Manifestly, all that remains of the quoted provisions of section 4720 is the requirement of five days' notice of the appeal before the cause can be docketed and stand or be set for trial.

[2] But, apart from the changes effected by the new act, it was settled more than 60 years ago that those statutory provisions as to notice and time of trial were solely for the benefit of the appellee, and that if he appeared and insisted upon a trial, though the cause was brought up and docketed during the term at which it was tried, the appellant could not be heard to complain of an immediate trial, since he was the actor and held to be constantly in court. Martin v. Higgins, 23 Ala. 775. We hold that the trial court did not err in setting the cause for trial, and proceeding therewith, as shown by the record.

Questions are raised in this case as to the nature and validity of the contract of lease, and the effect of its stipulations as to termination by the lessor, and also as to the validity and sufficiency of the notice of termination, and of the statutory demand for possession, and as to the effect of the lessor's charging and collecting an increased rental for the months of April and May. All of these questions have been ruled adversely to appellant in the cases of Vinyard v. Republic Iron & Steel Co., 87 South. 552,[2] Allen v. So. Coal & Coke Co., 87 South. 562,[3] Johnson v. Blocton-Cahaba Coal Co., 87 South. 559,[4] Watkins v. Roden Coal Co., 87 South. 565,[5] and Eddins v. Galloway Coal Co., ante, p. 361, 87 South. 557, all decided contemporaneously herewith.

The trial judge properly gave the general affirmative charge for plaintiff, and, the several rulings complained of being free from error, the judgment of the circuit court must be affirmed.

Affirmed.

All the Justices concur, except MILLER, J., not sitting.

McCLELLAN, J., concurs in the conclusion.

### On Rehearing.

SOMERVILLE, J. Appellant, defendant in the court below, advances three reasons in support of his argument that the general charge was erroneously given for plaintiff:

[2] Ante, p. 269.  [3] Ante, p. 363.
[4] Post, p. 373.  [5] Ante, p. 367.

(1) The lease was terminated by an agent of plaintiff, whose authority to do so was, under the evidence, a question of fact for the jury; (2) the statutes (Code, §§ 4260, 4263) confer jurisdiction of this action upon justices of the peace only in those cases where the lessee's possessory interest has terminated by the very terms of the lease itself, and not by the optional act of the lessor; and (3) the record does not affirmatively show that the justice of the peace before whom the suit was brought had jurisdiction of the cause.

[3, 4] 1. It is true, as stated in brief of counsel, that—

"If the authority of the agent and its extent is not evidenced by a written instrument, but rests in parol *and is a matter of disputed fact*, then it becomes a question of fact for the jury, and not of law for the court." (Italics supplied.) Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 188, 16 South. 46, 50.

But the authority of W. E. Henley, who exercised for the plaintiff corporation the prerogative in question, was clearly not "a matter of disputed fact." He testified:

"I am now, and for a number of years back have been, vice president and superintendent of the plaintiff company. As such officer, *now* and for a number of years back, I have had entire charge of the plaintiff's business, and had charge of having leases [like this] executed, and *all other matters pertaining to same*. I also had during all this time entire charge of having notices [like this] signed and served. * * * The original was signed by me in my capacity as vice president and superintendent. I *had authority to sign and serve it*."

Henley was not a mere agent of his company, but was in fact its alter ego, and in the conduct of its business he could do everything appropriate to its ends and requirements. This we think was sufficient authority for the act in question. But, in addition to his general authority, he testified that he had specific authority thereto. This testimony, which was without dispute, left no room for conflicting inferences, and there was no question in that regard to be submitted to the jury.

[5] 2. In Vizard Inv. Co. v. Mobile, etc., Co., 197 Ala. 625, 73 South. 328, construing section 4273 of the Code, which provides for special damages in double the amount of the annual rent in cases of forcible or unlawful retention of premises by a tenant "after the expiration of his term," we held that it was highly penal, and should be limited in its application "to the terms nominated in the contract of lease and its termination by the effluxion of time and its own limitation, and not otherwise," and denied its application to a termination by forfeiture based upon a provision of the contract.

Counsel for appellant conceive that that case supports his second contention as above

stated. It must be observed, however, that (1) the basis of that decision is the highly penal character of the statute there construed; and (2) the phrase in question—"the expiration of his term"—is quite different from the phrase in section 4263 defining the unlawful detainer of which jurisdiction is conferred on justices of the peace, viz. a withholding of the premises by the tenant "after the termination of his possessory interest:" The latter phrase cannot be rationally construed as appellant would have it. To detain rented property after the right to possess it has been terminated, in whatever manner, the owner having duly demanded its surrender, is an unlawful detainer within the very terms of the statute, and within its remedial purposes.

[6] The fact that the exercise of the jurisdiction may, in cases of forfeiture and cancellation, involve difficult questions of contractual interpretation and construction, not presented in cases of automatic termination, is no reason for denying the remedy in the former class of cases. Such questions may arise in any action on a contract in a justice's court, but the right of appeal and trial de novo is a sufficient insurance against the incapacity of the justice to understand and determine them correctly.

[7, 8] 3. It is true that in proceedings before a justice of the peace his office records must show jurisdiction of the subject-matter and also of the person or thing. Cottingham v. Smith, 152 Ala. 664, 44 South. 864. But that requirement does not include a showing as to mere territorial jurisdiction, or venue, as it is more properly called. Section 4260 of the Code gives general jurisdiction in these cases to justices of the peace "of the county in which the offense is committed." The venue of the action is fixed by section 4267, and it must be brought before "a justice of the peace for the precinct in which the lands or tenements are situated." If the action be improperly brought as to venue, and the defendant fails to seasonably plead that objection in abatement, he thereby waives it. Woolf v. McGaugh, 175 Ala. 299, 57 South. 754; Hines v. Hines, 203 Ala. 633, 84 South. 712; Thompson v. U. S. Guano Co., 202 Ala. 327, 80 South. 409.

If the premises here sued for in fact lay in another precinct—which does not appear—defendant should have filed his plea in abatement in the justice's court. Failing to do so, the right was effectually lost. Woolf v. McGaugh, supra. The questions raised by appellant are without merit, and the application for rehearing must be overruled.

Application overruled.

All the Justices concur, except MILLER, J., not sitting.

McCLELLAN, J. (concurring in result only). The action of the circuit court in setting Cleveland's appeal—taken during the then current term of the circuit court (Gen. Acts 1915, pp. 707, 708—for trial September 13, 1920, notwithstanding objection duly made by Cleveland, was warranted, justified, and without error under the authority conferred and the duty enjoined (within discretionary limits) by Code, § 4261, reading:

"Courts having jurisdiction under this chapter must be held open at all times, for the consideration and determination of questions arising under this chapter, and judgments had thereon without delay."

"Courts having jurisdiction under" that "chapter" (No. 89), treating separately and particularly forcible entry and unlawful detainer, include circuit courts, where the trial is original and de novo. Reynolds v. Harris, 62 Ala. 415; Code, § 4280, where it is provided that appeals from judgments in actions of forcible entry and unlawful detainer shall be subject to the provisions of law governing appeals from justices of the peace, "except as otherwise provided in this chapter." Code, § 4261, quoted above, is within the exception saved in Code, § 4280. For the consideration and determination of "questions" arising under that chapter (No. 89) the courts are always open under section 4261. The provisions of Code, § 4720, defining the general system for appeals to the circuit court from justices of the peace, refer to terms of the circuit court, and expressly prescribe that the term at which the appeal may be tried shall be the next term after the five-day notice prescribed has been given—a limitary prescription that is not made in the special system provided for the disposition of forcible entry and unlawful detainer cases.