(97 South. 562)
### ALLEN v. SOUTHERN COAL & COKE CO.
(7 Div. 113.)

(Supreme Court of Alabama. Jan. 27, 1921. Rehearing Denied Feb. 19, 1921.)

1. **Landlord and tenant ⚙➣108(2)—Offer to pay rent for another month no defense in unlawful detainer.**

In unlawful detainer, defendant's mere offer to pay rent for a month following termination of his lease at the rate reserved during his term, and not at the rate fixed by the terms of the lease, if he failed to vacate after termination according to the contract between the parties, was of no consequence.

2. **Landlord and tenant ⚙➣108(1)—Willingness to pay rent after termination of lease no defense in unlawful detainer.**

In unlawful detainer, it was of no consequence that defendant was ready, able, and willing to pay rent at the old rate after termination of his lease.

3. **Landlord and tenant ⚙➣291(2)—Notice to terminate tenancy may be executed by leaving copy of demand.**

Under Code 1907, § 4263, notice to terminate a tenancy may be sufficiently executed by leaving a copy of the demand in writing at the usual place of abode of the party holding over.

4. **Evidence ⚙➣185(5)—Notice to produce original notices served with complaint sufficient to justify admission of copies.**

In unlawful detainer, where the testimony showed that copies of notices to terminate his tenancy had been served on defendant, and attached to the complaint served on him was a notice to produce at trial the notices served on him and all papers pertaining to the case, "or in default thereof secondary evidence thereof will be offered," the method of serving notice was appropriate, and the notice to produce was sufficient to require the production of the original notices at the trial in the circuit court, and in their absence the court properly admitted the copies offered by plaintiff.

5. **Justices of the peace ⚙➣161(3)—One who by agreement became actor in appeal from justice court held to waive summons.**

Where, in unlawful detainer in justice court, complaint had attached to it notice to produce at trial notices to terminate tenancy served on defendant, and defendant by agreement assumed the role of actor in the appeal to the circuit court, he was bound to answer in the circuit court without further summons.

6. **Evidence ⚙➣558(4) — Cross-examination of legal witness as to value of services properly limited.**

In unlawful detainer, where a witness, a lawyer, testified to his opinion as to the value

of the services rendered in the cause by plaintiff's attorney, it was defendant's right to test the value of such opinion by proper cross-examination; but any excursion into a field of facts not immediately relevant to the issues was limitable in the discretion of the trial court, who did not err in sustaining plaintiff's objections to questions to the witness, "What is the rule in Shelley's Case?" and "What are the different degrees of murder and manslaughter?"

**7. Trial ☜141—General charge properly given for plaintiff, where evidence on question at issue not in dispute.**

In unlawful detainer, where the evidence on the question at issue, whether plaintiff was entitled to recover, was not in dispute, the trial court properly gave the general charge for plaintiff with hypothesis.

Appeal from Circuit Court, Shelby County; E. J. Garrison, Judge.

Action in unlawful detainer by the Southern Coal & Coke Company against Wiley Allen. Judgment for plaintiff, and defendant appeals. Affirmed.

Frank S. White & Sons, of Birmingham, for appellant.

Proposition (1). The court erred in overruling the motion of defendant to dismiss said cause on the ground of disqualification and incompetency of the justice of the peace who heard and determined the same. (Record, p. 9.) Code, § 4626; Ex parte Cornwell, 144 Ala. 497, 39 South. 354; Crook v. Newborg, 124 Ala. 481, 27 South. 432, 82 Am. St. Rep 190; 24 Cyc. 490; Pegues v. Baker, 110 Ala. 253, 17 South. 943; Code, § 4267; 24 Cyc. 726; A. G. S. R. R. Co. v. Christian, 82 Ala. 307, 1 South. 121; Russell v. Huntsville, etc., 137 Ala. 627, 34 South. 855.

Proposition (2). The court erred in overruling the defendant's motion to strike the amendment to the complaint. (Record, pp. 5, 9, and 10.) Code, § 4273; Code, § 4282; Vizard Investment Co. v. Mobile, 197 Ala. 625, 73 South. 328; Dillard v. Johnson, 201 Ala. 634, 79 South. 106; Lykes v. Schwarz, 91 Ala. 463, 8 South. 71; Waite v. Ward, 93 Ala. 272, 9 South. 227; Ullman v. Herzberg, 91 Ala. 458, 8 South. 408; Giddens v. Bolling, 92 Ala. 586, 9 South. 274.

Proposition (3). The court erred in overruling defendant's objection to the introduction of the lease offered in evidence. (Record, p. 11.) Brown v. O'Byrne, 153 Ala. 621, 45 South. 129, 127 Am. St. Rep. 77; Fite v. Kennamer, 90 Ala. 470, 7 South. 920.

Proposition (4). The court erred in sustaining objections to certain questions asked witness for plaintiff on cross-examination, and in sustaining objections to questions asked defendant on direct examination. (Record, p. 12.)

Proposition (5). The court erred in admitting in evidence over defendant's objection the notice terminating the relation of landlord and tenant, and the written demand for possession. (Record, pp. 12, 13, 14.) McDevitt v. Lambert, 80 Ala. 536, 2 South. 438; Ross v. Gray Eagle Coal Co., 155 Ala. 250, 46 South. 564; Speer et al. v. Smoot, 156 Ala. 458, 47 South. 256; Barnewell v. Stephens, 142 Ala. 609, 38 South. 662; Tiedeman on Real Property, § 218; Steward v. Harding, 2 Gray (Mass.) 335; Tiffany's Landlord & Tenant, p. 1446; Taylor's Landlord & Tenant, p. 476; Harris v. Hill, 190 Ala. 589, 67 South. 284; Bates v. Ridgeway, 48 Ala. 611; Dumas v. Hunter, 30 Ala. 75.

Proposition (6). The court erred in overruling defendant's objection to the testimony of witnesses relating to damages by way of attorney's fees sustained by plaintiff. (Record, p. 14.) Section 4282, Code; Giddens v. Bowling, supra. Authorities under second assignment of error.

Proposition (7). The court erred in not allowing evidence to be introduced as to the effort of defendant to pay his rent and his ability to do so. (Record, p. 16.) Authorities under fourth and fifth assignments of error.

Proposition (8). The court erred in its oral charge to the jury, and in refusing to give written charges requested by the defendant relating to the measure of damages. (Record, p. 18.) Authorities under proposition 6.

Proposition (9). The court erred in giving the peremptory instruction with hypothesis for the plaintiff. (Record, p. 18.) Authorities under propositions 1, 2, 3, and 5; section 4263 of the Code; Tiffany's Landlord & Tenant, vol. 2, p. 1441.

Proposition (10). The court erred in refusing to give the affirmative charge for the defendant, and in refusing to charge the jury that if the witness Webster served the notices in his capacity as Deputy Sheriff and not as a duly authorized agent of the plaintiff corporation, they must find for defendant. (Record, p. 19.) Authorities cited under fifth proposition. Also authorities under propositions 1, 2, 3, and 9. Barnewell v. Stephens, 142 Ala. 609, 38 South. 662; Templin v. State, 159 Ala. 128, 48 South. 1027.

Proposition (11). The court erred in refusing to instruct the jury that it could render a verdict for nominal damages. (Record, p. 19.)

Proposition (12). The court erred in sustaining objections to questions asked plaintiff's witness Saxon on cross-examination. (Record, p. 15.) Section 389, Jones on Evidence; sections 992 and 994, vol. 2, Wigmore on Evidence; 17 Cyc. 261.

Percy, Benners & Burr, of Birmingham, for appellee.

The motion should have been made before the justice of the peace, but in any event

no evidence was introduced in support of the motion. 144 Ala. 497, 39 South. 354; 124 Ala. 481, 27 South. 432, 82 Am. St. Rep. 190. There was no evidence that the judgment was rendered from the basis of the agreement. 129 Ala. 304, 29 South. 841; 96 Ala. 435, 11 South. 453. Under the lease, plaintiff was entitled to recover attorney's fees. 78 Ala. 223; 93 Ala. 251, 9 South. 462; 2 Ala. App. 385, 56 South. 849; 4 Ala. App. 302, 58 South. 793. For other contentions of appellee, see abstract of brief in the case of William Johnson v. Blocton-Cahaba Coal Co., post, p. 373, 87 South. 559.

SAYRE, J. Unlawful detainer. Appellant, to whom we shall refer as defendant, appealed to the circuit court. When the case came on for trial in the circuit court, defendant moved the court to dismiss the cause on the ground that the justice of the peace, who had rendered the judgment appealed from, was disqualified to hear and determine the cause, and defendant's attorney stated to the court that he offered in support of the motion evidence that the justice of the peace, who had tried the case, was at the time of the trial employed by plaintiff as a civil engineer, and an instrument in writing purporting to be an agreement between the parties touching the form and substance of the judgment to be rendered by the justice of the peace and the bond to be made by defendant on appeal, one stipulation of which was that "this agreement shall be without prejudice to the rights of either party upon an appeal to the circuit court." But plaintiff objected to the so-called agreement on the ground, among others, that it had not been signed by the parties, and thereupon the bill of exceptions shows that the court overruled defendant's motion. The bill of exceptions, purporting to contain all the evidence, shows no evidence on the point in controversy, and we must hold, therefore, that neither the alleged disqualification of the justice of the peace nor the execution of the agreement, if that would have made any difference, was proved, with result, therefore, that no error was shown at this point.

[1] In the case shown by the pleadings, defendant's mere offer to pay rent for the month of July, following the termination of his lease, was of no consequence. Moreover, he offered to pay, as we understand, rent at the rate reserved during his term, and not at the rate fixed by the terms of the lease in the event he failed to vacate the premises after the termination of his lease according to the contract between the parties—the contract sustained in all respects by this court in Vinyard v. Republic Iron & Steel Co., 87 South. 552.[1] It may be well to say further that Vizard Investment Co. v. Mobile Fish &

Oyster Co., 197 Ala. 625, 73 South. 328, and other cases in the same line cited by defendant, deal with the penalty provided by section 4273 of the Code in cases of unlawful detainer, and have no bearing upon the contract right brought to view in this case.

[2] Nor was it of any consequence that defendant was ready, able, and willing to pay rent, meaning, as we must infer, rent at the old rate, though the assignment of error would have availed nothing, had defendant's inquiry related to the rate contracted for in the event of a termination of the lease, for defendant's inquiry as to his ability, etc., to pay rent shed no light upon the issue being tried, viz. whether plaintiff had a right to terminate the lease, and had done so upon a proper occasion and by proper process.

[3-5] The notice terminating defendant's tenancy was substantially the same as that shown by the record in the Vinyard Case, supra, and was there held to be sufficient to the end intended. It is objected that a copy, and not the original, of the demand for possession after the termination of defendant's possessory interest in the premises was served on defendant, and some old cases are cited. The statute (section 4263 of the Code of 1907), differing herein from the former statute, now provides that notice may be sufficiently executed by leaving a copy of the demand, in writing at the usual place of abode of the party holding over. Further, defendant complains on this appeal that copies of the notices were admitted in evidence without sufficiently accounting for the absence of the originals. But the testimony showed that copies of these notices—in the case of the notice to terminate, the witness said the original—had been served on defendant, and attached to the complaint served upon defendant was a notice to produce at the trial the notices served upon him and all papers pertaining to the case, "or in default thereof secondary evidence thereof will [would] be offered." This was an appropriate method of serving notice. Western Union v. Stokes, 171 Ala. 171, 54 South. 181. Defendant, assuming by agreement the role of actor in the appeal, was bound to answer in the circuit court, where the case was to be tried as if brought in that court, without further summons (Martin v. Higgins, 23 Ala. 775), and the notice to produce in our judgment sufficed to require the production of the originals at the trial in the circuit court, and in their absence the court properly admitted the copies offered by the plaintiff.

[6] There was no error in sustaining plaintiff's objections to questions propounded on cross-examination to the witness Saxon, viz.: "What is the rule in Shelley's Case?" and "What are the different degrees of murder and manslaughter?" This witness, a lawyer, testified to his opinion as to

[1] Ante, p. 269.

the value of the services rendered in this cause by the attorneys for plaintiff, and it was the right of defendant by proper cross-examination to test the value of his opinion; but any excursion into a field of facts not immediately relevant to the issues in the cause was limitable by the discretion of the court, and this court holds that discretion was properly exercised in this case.

[7] The trial court gave the general charge for plaintiff with hypothesis. This was correct. The evidence upon the question at issue, whether plaintiff was entitled to recover, was not in dispute. As to that issue the only question was one of law, and was correctly decided by the trial court.

We have thus stated our consideration of the questions argued upon this appeal, save only such as have been determined in Vinyard v. Republic Iron & Steel Co., supra. In that case the important issues presented by a number of cases pending here of like character had careful consideration, and the court is satisfied with what has been there said.

Affirmed.

All the Justices concur, except MILLER, J., not sitting.

On Rehearing.

PER CURIAM. Application overruled. See response to application for rehearing in Cleveland v. Little Cahaba Coal Co., post, p. 369, 87 South. 567.

All the Justices concur, except MILLER, J., not sitting.