## CLAYTON v. BULLIN. (8 Div. 706.)

(Supreme Court of Alabama. April 16, 1925.)

1. **Justices of the peace ☞61—Objection that land involved in proceeding before justice is outside of his precinct must be made by plea in abatement.**

In unlawful detainer before a justice, objection that land involved is not situated in justice's precinct is available only by plea in abatement.

2. **Justices of the peace ☞161 (2) — Appeal from justice to circuit court gives court jurisdiction of appellant until case disposed of.**

An appeal from justice to circuit court brings appellant into that court and keeps him there, subject to call of his case for trial until disposed of, and, in such case, there can be no such thing as a special appearance by him for purpose of making a motion.

Appeal from Circuit Court, Franklin County; Charles P. Almon, Judge.

Action of unlawful detainer by Ed Bullin against George Clayton. Judgment for plaintiff, and defendant appeals. Affirmed.

Thos. J. Carey, of Haleyville, for appellant.

It was error for the circuit court to render judgment, without an appearance by defendant for trial on the merits. Code 1907, § 4266; Olmstead v. Thompson, 91 Ala. 130, 8 So. 755. Suit should be dismissed, where record of the justice does not show service of summons or notice on defendant, and the fact of jurisdiction of the justice. Webb v. Carlisle, 65 Ala. 313; Ex parte Webb, 58 Ala. 109; 24 Cyc. 442, 660; Horton v. Elliott, 90 Ala. 482, 8 So. 103; Ex parte Davis, 95 Ala. 9, 11 So. 308.

Williams & Chenault and J. Foy Guin, all of Russellville, for appellee.

Counsel argue the questions raised, but without citing authorities.

SOMERVILLE, J. The appellee, as plaintiff, sued the appellant in unlawful detainer in a justice's court in Franklin county and recovered judgment. The appellant appealed to the circuit court, where the appellee again recovered a judgment in a trial de novo before a jury. This appeal is on the record only.

The justice's transcript shows that the summons was duly served on the defendant, and that on the appointed day the parties appeared before the justice, who rendered judgment for ·the plaintiff on the evidence adduced; that thereupon the defendant appealed to the circuit court and demanded a trial by jury. The record shows that the justice had jurisdiction of the subject-matter of the suit, and also of the parties. On appeal the trial was de novo, "according to equity and justice, without regard to any defect in the summons, or other process, or proceedings before the justice." Section 8784, Code 1923.

The judgment entry in the circuit court recites that the plaintiff came in person and by his attorneys, "and the defendant by attorney, and the defendant makes motion for continuance, and the same being duly considered and adjudged by the court, * * * the same is overruled. The plaintiff refiles the complaint filed in justice court, and issue being joined between the plaintiff and the defendant, thereupon came a jury, etc."

[1] It appears that the trial justice was a justice in and for Franklin county, and that the land involved was situated in that county. The record presents no question of venue; but, even if it appeared that the land was not situated ·in the justice's precinct, the objection could have been availed of only by plea in abatement. Cleveland v. Little Cahaba Coal Co., 205 Ala. 369 (7), 87 So. 567.

[2] As to the defendant's appearance in the circuit court, it is hardly necessary to observe that his appeal brought him into that court and kept him there subject to the call of his case for trial until it was disposed of. Cleveland v. Little Cahaba Coal Co., supra, headnote 2. In such a case there can be no such thing as a special appearance by him for the purpose of making a motion.

We find no defect in the record which can suffice to avoid the judgment appealed from, and it will be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes