(120 So. 475)

## CAMPBELL MOTOR CO. v. STANFIELD.
### (8 Div. 71.)

Supreme Court of Alabama. Jan. 31, 1929.

See, also, 214 Ala. 506, 108 So. 515.

Bradshaw & Barnett, of Florence, for appellant.

664

Jas. C. Roberts, of Florence, for appellee.

Brief of counsel did not reach the Reporter.

ANDERSON, C. J. We think that the Court of Appeals has misapplied the case of L. & N. R. Co. v. Tally, 203 Ala. 370, 83 So. 114, to judgments of a justice of the peace court, which is not one of record. Willett v. Weaver, 205 Ala. 268, 87 So. 601; Burns v. Campbell, 71 Ala. 271. The Tally Case, supra, dealt with a judgment in a court of record and of general jurisdiction. Moreover, the judgment showed the appearance of the parties.

We also think that the statement, in the opinion of the Court of Appeals, that the law is well settled that a judgment rendered by a court having jurisdiction of the person and of the subject-matter is not open to collateral attack, is inapt, as the contention and insistence of petitioner was that the record did not show jurisdiction of the person of the defendant, either by summons or notice of the attachment; the one being essential to a judgment in personam, and the other to a judgment in rem. The judgment involved did not recite or show either of these facts; nor were they shown by the record of the justice court.

Under these circumstances, the court had no jurisdiction of the defendant's person, and the personal judgment was void. Cottingham v. Smith, 152 Ala. 664, 44 So. 864. Likewise, it was void as a judgment in rem, in the absence of notice of the levy of the attachment. Wilmerding v. The Corbin Banking Co., 126 Ala. 268, 28 So. 640; Visible Measure Gasoline Dispenser Co. v. McCarty Drug Co., 206 Ala. 588, 91 So. 383.

The Court of Appeals erred in holding that the trial court did not err in not sustaining the petitioner's objection to what purported to be the judgment of the justice of the peace court.

Writ of certiorari awarded, and reversed and remanded to the Court of Appeals for further consideration in conformity with this opinion.

All Justices concur, except BROWN, J., not sitting.