(87 South. 565)

## WATKINS v. RODEN COAL CO.
### (2 Div. 744.)

(Supreme Court of Alabama. Jan. 27, 1921. Rehearing Denied Feb. 19, 1921.)

**1. Frauds, statute of ⊂⊃115(4)—Written lease, signed by tenant, valid and enforceable.**

A written lease, being signed by the party to be charged, the tenant, was valid and effectual, binding the tenant according to its effect, even if the landlord did not execute it.

**2. Landlord and tenant ⊂⊃94(1)—Lease held to contemplate termination of right of possession upon one day's notice.**

A lease, authorizing the lessor upon certain contingencies to re-enter the premises and to take possession thereof "upon one day's written notice to vacate said premises," *held* to contemplate termination of the right of tenant to possess on one day's written notice.

**3. Landlord and tenant ⊂⊃33—Evidence held to show that tenant acquiesced in increase in rent.**

Evidence *held* to show that tenant consented to a modification of the lease, consisting of an increase in the rent.

**4. Justices of the peace ⊂⊃130—Judgment of justice for rent established amount and period for which demandable under lease.**

A judgment by a justice court in an action for rent under a lease bound the parties, and conclusively established the amount of the rent due and the period for which it was demandable under the lease.

**5. Landlord and tenant ⊂⊃213(5)—Lease held to entitle lessee to return of rent paid beyond termination.**

A provision in a lease, which could be terminated upon one day's notice in certain contingencies, that "upon such termination of the lease lessee shall only be liable for rent to the date of its termination, and if rent has been collected beyond that date it shall be refunded to the lessee," gave lessee a right to have restored to him rent paid beyond the date of termination of the lease under its terms on one day's notice, thus as a necessary consequence excluding the implication of a waiver by the lessor of a forfeiture of the lease by the retention of rents accruing after the breach.

**6. Appeal and error ⊂⊃1050(1)—Admission of evidence not prejudicial, in view of other evidence admitted without objection.**

In unlawful detainer there was no prejudicial error in allowing the plaintiff to elicit the fact that defendant's wages, as well as his rent, had been increased; the matter of increased wages being affirmed by another witness without objection by the defendant.

Appeal from Circuit Court, Bibb County; B. M. Miller, Judge.

Unlawful detainer by the Roden Coal Company against J. H. Watkins. Judgment for plaintiff, and defendant appeals. Affirmed.

Frank S. White & Sons, of Birmingham, for appellant.

See abstracts of brief set out in the case of William Johnson v. Blocton-Cahaba Coal Co., post. p. 373, 87 South. 559, and in Thornton Cleveland v. Little Cahaba Coal Co., post, p. 369, 87 South. 567.

Percy, Benners & Burr, of Birmingham, for appellee.

See abstracts of brief set out in the cases of William Johnson v. Blocton-Cahaba Coal Company, post, p. 373, 87 South. 559, and Thornton Cleveland v. Little Cahaba Coal Co., post, p. 369, 87 South. 567.

McCLELLAN, J. This action of unlawful detainer was instituted in a justice's court by the appellee against the appellant on August 2, 1920, to recover the possession of the premises known as "House No. 521 at Marvel, Alabama." From a judgment for plaintiff (present appellee) in the justice's court, the defendant appealed to the circuit court, where judgment for plaintiff was rendered, to review which this appeal is prosecuted. Appeals of a similar character are determined this day in Vinyard v. Republic Iron & Steel Co., 87 South. 552,[1] Allen v. Southern Coal & Coke Co., 87 South. 562,[2] Eddins v. Galloway Coal Co., 87 South. 557,[3] Cleveland v. Little Cahaba Coal Co., 87 South. 567,[4] and Johnson v. Blocton-Cahaba Coal Co., 87 South. 559.[5] Such questions pertinent to this appeal, as are considered and decided in one or more of those appeals, are not necessary to be treated or reconsidered on this appeal as if presented for original determination. In general outline, the evidence here is similar to that presented in the Vinyard Case.

[1, 2] The written lease, being signed by the party to be charged, the tenant (defendant), was valid and effectual, binding the defendant according to its effect, even if it were assumed that the landlord, lessor, did not execute it. Vinyard's Case, supra. The lease contained stipulations, clearly defined contingencies, under which the lessor might

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
¹ Ante. p. 269. ² Ante, p. 363. ³ Ante, p. 361. ⁴ Post, p. 369. ⁵ Post, p. 373.

terminate the lease. The discontinuance of defendant's service to the plaintiff, either through discharge by plaintiff or the voluntary retirement from the service by the defendant, authorized the lessor (plaintiff) to re-enter the premises let and to take possession thereof "upon one day's written notice to vacate said premises." The terms of the notice pursued the terms of the lease in this respect. Obviously the intent of these provisions was to provide the means and method whereby the lessor might terminate the lessee's possessory right thereunder. The immediately succeeding provision of the lease, viz. "upon such termination of the lease," excludes any other construction thereof than that the stipulations stated contemplated the termination of the lease through the means and method actually employed; the condition to the right to terminate the lease, the lessee's right to continue in possession, in fact existing and being so established without dispute in the evidence. The notice required, as did the lease, the vacation of the premises "upon one day's notice," and in consequence of the efficient terms of the notice, pursuing the provisions of the lease, and its service on July 17, 1920, the possessory right under the lease had, of course, terminated by July 20, 1920. Other contentions made by appellant with respect to terminatory provisions in a lease of like character are decided adversely to appellant in Vinyard's Case, supra.

The undisputed evidence, admitted without objection, went to prove that the lessor's name was affixed to the notice to terminate the tenancy and to the statutory notice (Code, § 4263) by B. F. Roden, superintendent and president, respectively, of the plaintiff; that he was authorized to give and sign and to have executed notices of that character; and that he (Roden) had "for a number of years" exercised such authority, he being president and superintendent of the lessor, plaintiff. Under the undisputed evidence these notices were authoritatively signed, issued, and served; and hence no question for the jury to decide arose or existed with respect to the issuance, signature, or service of these notices. The authority of Roden to do the acts indicated being proven without dispute, the doctrine summarized in the third headnote to Syndicate Ins. Co. v. Catchings, 104 Ala. 176, 16 South. 46, is not applicable.

[3] The increase of the monthly rental by. $1, for the months of April and May, 1920, in accordance with the recommendation of the Bituminous Coal Commission, did not affect the lease to the prejudice of the lessor; and the evidence, including that given by the defendant, bearing on this raise of the monthly rental for April and May, required the conclusion that the defendant impliedly assented to the indicated increase of the rent, as a modification by consent of the lease. Vinyard's Case, supra. The defendant, testifying in his own behalf, stated that, while he was not consulted about and did not consent to the increase in the monthly rental, he "signed statement covering the months of April and May, 1920, and these statements showed that the rent had been raised"; that he "had to sign the statements in order to get my [his] money," but that he "made no objection to any one to the rent being raised." It was shown by the witness Roden, and so without dispute, that the wages of this defendant (and other employees), as well as the rental of these premises (and others occupied by employees), were raised on the recommendation of the Bituminous Coal Commission, and that the increased wages were paid to defendant and the increased rental collected (deducted) as the defendant's testimony indicated.

[4, 5] It is insisted for appellant that the plaintiff collected installments of rent which paid the rent beyond July 20–21, 1920, and hence the plaintiff could not claim, assert, or enforce a termination of the lease during the period for which such rental had been collected. It appears that the lessor instituted an attachment suit to enforce the payment by defendant (lessee) of rent for the premises here in question, and property of the lessee was seized and condemned to satisfy the rent adjudged to be due, which was done. The defendant offered in evidence the record of the judgment rendered by the justice of the peace in this attachment suit. It was therein expressly adjudicated that the rent found due and unpaid was for the "occupation of the said premises up to and including the 15th day of July, 1920," two days before the notice to terminate the lease was served on defendant, and five days before the date the defendant's right under the lease was terminated by the "one day's notice" given in accordance with the terms of the lease. This judgment, by a court of competent jurisdiction, bound the parties and conclusively established the amount of the rent due and the period for which it was demandable. Furthermore, the lease itself provided that—

"Upon such termination of the lease, lessee shall only be liable for rent to the date of its termination, *and if rent has been collected beyond that date it shall be refunded* to the lessee." (Italics supplied.)

One effect of the italicized provision was to invest the lessee with a right to have restored to him rent paid beyond the date of termination of the lease, under its terms, on "one day's notice," thus, as a necessary consequence, excluding the implication of a waiver by the lessor of a forfeiture (if such it may properly be called) of the lease by the retention of rents accruing after the breach,

as decided in Brooks v. Rogers, 99 Ala. 433, 12 South. 61. It was the evident purpose of the parties, as expressed in the lease, that upon the termination of the lease, in accordance with its terms, the fact that rent had been paid for a rent period should not impair or restrain the lessor's right to terminate the lease "on one day's notice" for a cause stipulated in the lease.

[6] There was no prejudicial error in allowing the plaintiff to elicit from defendant, on cross-examination, the fact that the defendant's wages, as well as his rent, had been increased. This matter of increased wages was affirmed by the witness Roden, without objection by the defendant. Its reception in evidence might be justified on other grounds.

There is no error in this record. The judgment is affirmed.

Affirmed.

All the Justices concur, except MILLER, J., not sitting.