147 So. 193

## MESSER v. DUPUY-BURKE REALTY CO. et al.

### 6 Div. 167.

Supreme Court of Alabama.
March 16, 1933.

Rehearing Denied April 13, 1933.

Locke & Creel and Frederick V. Wells, all of Birmingham, for appellant.

Smyer, Smyer & Bainbridge and H. A. Burns, all of Birmingham, for appellees.

440

**THOMAS, Justice.**

This is a suit in unlawful detainer to recover possession of land specifically described, and for damages for its unlawful withholding.

The complaint was substantially in Code form (section 9531, form 31, Code 1923), and was not subject to the demurrer directed thereto. Abates v. Timbes, 214 Ala. 591, 108 So. 534; Crow v. Smith, 207 Ala. 311, 92 So. 905.

The tenant, in possession under written lease conformable to the statute (section 8034, Code), and the landlord, had the right, for a reciprocal consideration, to modify the written lease by oral agreement in respects here pertinent, while the contract was executory. Moore v. Williamson, 213 Ala. 274, 104 So. 645, 42 A. L. R. 981; Abbeville Live Stock Co. v. Walden, 209 Ala. 315, 96 So. 237. And the parties acting thereon are protected by the terms of such a modification, resting as it does, upon mutual assent. If there is a scintilla of evidence or reasonable inference to be drawn contrary to the affirmative instruction requested, it is error to so instruct the jury. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135; Liverpool & London & Globe Ins. Co., Ltd., of England v. McCree, 213 Ala. 534, 537, 538, 105 So. 901.

The witness Mr. Dupuy, Sr., having testified for plaintiff, there was evidence reasonably tending to present a conflict with material portions of his testimony, as that given of payments on rent which were not made and were not shown by his office records, with statements made by his son as a witness for plaintiff, as to payment of certain portions of the rent by defendant; and there was conflict as to an alleged oral agreement for extension of the lease and payments on the rent installments thereof. The jury had the several witnesses before them; observed their demeanor; had the duty and right to accord that weight and credibility to which the testimony was entitled.

Upon the whole evidence, we are of opinion, and so hold, that the question of extension vel non by oral agreement of the lease and the time and amount of the payments of installments on the rent, founded on the same or sufficient consideration as indicated by the evidence, was for the jury to declare the right of possession or the unlawful detention thereof. Section 8001, Code; Cleveland v. Little Cahaba Coal Co., 205 Ala. 369, 87 So. 567; Eddins v. Galloway Coal Co., 205 Ala. 361, 87 So. 557; Vinyard v. Republic Iron & Steel Co., 205 Ala. 269, 87 So. 552; Allen v. Southern Coal & Coke Co., 205'. Ala. 363, 87 So. 562; Watkins v. Roden Coal Co., 205 Ala. 367, 87 So. 565; Johnson v. Blocton-Cahaba Coal Co., 205 Ala. 373, 87 So. 559.

The witness Dupuy having testified that the rent had not been paid, on cross-examination said, among other things, that he did not really positively know himself whether the payments had been made. The defendant's motion to exclude the statement that this rent was not paid for those months should have been granted; in declining this motion, there was error.

It was competent for defendant to show "how much credit was due (by) you, if any, on account of the rent of that hangar that was sold when you bought"—the witness Dupuy being the purchaser. It tended to illustrate the attitude of the witness toward the defendant, the conduct of the parties, and the state of the back rent account, and might have shed light upon the witness' statement that no credits were to be given defendant.

It is sufficient to say there were reasonable inferences of fact as to the modified and extended oral lease, and evidence to the contrary that made a jury question; and there was error in giving the affirmative charge for the plaintiff.

The judgment of the county court of common claims is therefore reversed, and, the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.