TORBERT, Chief Justice.
This appeal is from a suit to set aside a ninety-nine-year lease and to restrain the lessees from doing certain acts. On October 1, 1976, appellants Francis and Roberta Penrod, husband and wife, executed a written lease of one acre of real property to appellees Hazel Lapere and John Murray. The property is located in Brantley, Alabama. Mrs. Lapere is the sister of Francis Penrod. Several years before, Mr. Penrod told Mrs. Lapere that she could select one acre out of the ninety he owned to retire on.
Sometime in 1975, Mrs. Lapere, while residing in Pompano Beach, Florida, called Mr. Penrod to determine if the property was still available; Mr. Penrod replied that it was available. Several telephone conversations ensued. During one such conversation, appellee Murray was introduced to Mr. Penrod. At the time, no explanation was given as to the relationship of Mrs. Lapere and John Murray. In reality, the parties were not married, although they were living together, and Murray had a wife and two children “up north somewhere.”
Subsequently, Lapere and Murray traveled to Brantley to examine the property. Appellees selected the acre they wanted and made arrangements to move a mobile home onto it. At this time, Francis Penrod told his sister that he would give her a lease on the property. Three attempts to lease the property were made. The last effort resulted in the alleged lease dated October 1, 1976. It was signed by Francis and Roberta Penrod as lessors and by Hazel La-pere and John Murray as lessees. The instrument was witnessed by Mr. Lightfoot and Mr. Nichols both of whom are attorneys. There is a conflict in the testimony as to when Francis Penrod and John Murray signed the instrument although it is uncontroverted that both parties did in fact sign. It appears from the record that John Murray, and possibly Francis Penrod, did not sign the lease in the presence of the witnesses, but signed at a later time after the witnesses had already affixed their signatures to the instrument attesting the execution of the lease.
The lease was of one acre of real property for ninety-nine years; the recited consideration was one dollar. The testimony is conflicting as to whether the dollar was ever paid. It is also disputed as to whether appellants were aware of the relationship between appellees prior to the execution of the lease.
*1383 The parties experienced various disagreements and disputes culminating in appellants being placed under a peace bond. Appellants then brought suit seeking cancellation of the lease. They asserted, as grounds for cancellation, failure of consideration, material misrepresentation of appellees’ marital status, and undue influence. Appellants also sought an order restraining appellees from engaging in any type of conduct inclined to harass, intimidate, threaten, defame, libel, slander, or interfere with the quiet peace and enjoyment of appellants. Appellees filed an answer and asserted a counterclaim for $30,000 for improvements to the property. Appellants amended their petition asserting as additional grounds for cancellation that the lease was not properly witnessed as required by law and is therefore a nullity; appellants also filed an answer to the counterclaim. Appellees then filed an amended answer alleging that the lease, if not valid, is an agreement to execute a lease and is specifically enforceable as such. Appellants then amended their petition claiming that appellees are not entitled to specific performance because the transaction was without consideration and was induced by fraud and undue influence. Appellees again amended their answer alleging that the consideration of one dollar had been paid — a fact which was denied in the original answer.
The trial court heard the evidence ore tenus and ruled that appellants were not entitled to cancellation of the lease, but were entitled to the injunctive relief sought. The trial court further ordered specific performance of the lease:
[T]he Court . . . is of the opinion that the petitioners are not entitled to have the purported lease dated January 30, 1976,[1] cancelled and set aside, that they are, however, entitled to the injunc-tive relief prayed for; the Coart further finds that the instrument dated January 30, 1976 and signed by all of the parties has the effect of a lease agreement and that the respondents are entitled to specific performance of the lease agreement as prayed for in their counter-claim, it is, therefore,
ORDERED AND ADJUDGED by the Court that the cancellation prayed for by the petitioners of said lease agreement be and the same is hereby denied.
IT IS FURTHER ORDERED by the Court that the respondents are entitled to a valid lease on the property described in the lease agreement signed by all of the parties on January 30,1976, and that said lease agreement dated January 30, 1976, recorded in Deed Book 105, page 195, Probate Office, Crenshaw County, Alabama, is hereby declared to be a valid and binding lease on all of the parties who executed the same. [Emphasis added.]
By statute in Alabama, for a lease to be valid for a term longer than twenty years, the lease must be attested and recorded. Section 35-4-6 provides:
No leasehold estate can be created for a longer term than 99 years. Leases for more than 20 years shall be void for the excess over said period unless acknowledged or approved as required by law in conveyances of real estate and recorded within one year after execution in the office of the judge of probate in the county in which the property leased is situated.
§ 35-4-6, Ala.Code 1975.
Section 35-4-20 governing conveyances of land provides that “the execution of such conveyances must be attested by one witness.” The central question in this appeal, then, is whether the execution of the lease was properly witnessed as required by sections 35-4-6 and 35-4-20.
The word “execution,” when used in connection with instruments conveying *1384 title to real property, includes performance of all acts necessary to render the instrument valid or to carry it into effect including signing, sealing when necessary, and delivery. Illinois National Bank & Trust Co. v. Holmes, 311 Ill.App. 286, 35 N.E.2d 823, 825 (1941). In order for a lease to be effective, and properly executed, the written instrument must be signed by the lessor or lessors. 51C C.J.S. Landlord & Tenant § 217. Therefore, one of the requisites of execution, and an event which must be attested, is the signature of the lessor. The lessor may either sign in the presence of the witness, or, if he signs out of their presence, acknowledge his signature to the witness at the time he attests the execution of the lease. Cf. Reynolds v. Massey, 219 Ala. 265, 122 So. 29 (1929).
In the instant case, the evidence was conflicting as to whether Francis Penrod signed the lease in the presence of the witnesses. Roberta Penrod testified that she and Mrs. Lapere signed the lease in Mr. Lightfoot’s office where the instrument was attested. She testified that neither Francis Penrod nor John Murray was present. Francis Penrod testified that he was not present at Mr. Lightfoot’s office and signed the lease that night at Mrs. Lapere’s trailer. Mrs. Lapere, however, testified that Francis Penrod was at Mr. Lightfoot’s office and did sign the lease in the presence of the witnesses. She further testified that John Murray was not present and did not sign at that time.
It is not clear from the trial court’s order whether it included a finding that Francis Penrod did not sign in the presence of the witnesses.[2] If he did not, then the lease was not properly attested as required by section 35-4 — 6 and, pursuant to such section, is valid only for a twenty-year term. Since the lease is valid for a twenty-year term and lessees are in possession, there is no basis for a decree of specific performance.
Furthermore, it is immaterial when John Murray signed the instrument since, generally, the signature of the lessee is not essential to the validity of the lease where, as here, the lessee accepts delivery and takes possession. 49 Am.Jur.2d Landlord & Tenant § 31. Since the signature of the lessee is not essential to the validity of the lease, it is not essential to execution and is not a fact which must be attested.
Therefore, if Francis Penrod signed the lease in the presence of the witnesses, then they did in fact witness his signature and a valid ninety-nine-year lease was created. However, if Penrod did not sign in the presence of the witnesses, but at a subsequent time, then by statute the lease is only valid for twenty years.
Accordingly, this case is reversed and remanded for further findings and entry of an order consistent with the views expressed herein.
REVERSED AND REMANDED.
MADDOX, JONES, SHORES and BEAT-TY, JJ., concur.

. On November 7, 1977, the trial court entered an order granting appellees’ motion to correct a clerical mistake in the order listing the date of the lease as January 30, 1976, instead of October 1, 1976, the actual date.

. Although the trial court’s order does not contain any findings of fact, apparently, as noted by appellants in brief, the court found that the lease was not properly attested as required by law and, though ineffectual as a lease, was an agreement to execute a lease capable of specific performance. Otherwise, specific performance seems inapplicable because the lease was executed and appellees were placed in possession.