This case began as an action for damages for the defendants' alleged breach of a lease agreement. The trial court, sitting without a jury, entered a judgment for the plaintiffs. We affirm.
On January 31, 1981, the parties to this appeal drafted a lease for a term of 10 years under which Lessors (plaintiffs J.R. Riley and J.W. Graham) leased a commercial building to Lessees (defendants Anselmo Meat Company and George Anselmo, individually) at a rate of $1,500 per month. The lease was signed by George Anselmo and by the president of Anselmo Meat Company, Inc. The lease agreement was not signed by Lessors.
In November 1981, the monthly payment was decreased to $800 per month. The "Agreement to Amend Lease," which set out the change in the rent payment amount, was signed by both Lessors and by George Anselmo.
The lease gave Lessees the right to sublease the premises without the permission of Lessors. Lessees conducted business on the premises for a short time and subsequently sublet the leased space to three sub-lessees. The third sub-lessee quit the premises in December 1983, and there have been no further occupants. No rent was paid to Lessors after November 1983.
The lease also specified certain equipment to be provided by Lessors for use by Lessees. This equipment (40-45 metal shopping carts valued at $50.00 each and 3 scales valued at $1,000-$1,200 each) was missing when Lessors recovered the leased premises.
Lessors sued Lessees and claimed $85,000 in damages. In an amended complaint, Lessors alleged that George Anselmo had given his personal guarantee for the lease and that Anselmo Meat Company was a sham corporation.
The trial court entered judgment in favor of Lessors and awarded damages of $14,064. Lessees filed a motion to set aside the court's judgment or for a new trial. The court's order denying Lessees' motion read:
 "The [Lessees'] motion to set the prior judgment aside or motion for a new trial is denied. The premise for the motion of the [Lessees] is that the lease was not signed by the Lessors and is thus invalid, rendering the occupancy month to month rather than for a term of years.
 "In support of this position, the [Lessees] cite the Alabama case of Penrod v. Lapere, 367 So.2d 1381 (Ala. 1979). In that case the Court had before it the question of whether the lease had been properly executed to qualify the lease as one for 99 years. Failure to properly execute the lease according to the terms of Ala. Code, § 35-4-6, would void the period in excess of 20 years. One of the requisites of qualifying under the statute was execution of the lease by both parties and acknowledgement as required by law. *Page 554 
 "In this case, this is a lease for a term less than 20 years, i.e., nine years. Ala. Code, § 8-9-2, the Statute of Frauds, provides that agreements which are not to be performed within one year are required to be in writing and signed by the party to be charged.[1] The court is of the opinion that this statute is applicable to the fact situation before it. Although the Lessors did not sign the lease agreement, the [Lessee] Anselmo Meat Company, Inc., and the [Lessee] George Anselmo in his individual capacity signed the agreement. Thus, it is the judgment of the court that the lease was signed by the party or parties to be charged and is valid for the term stated in the lease."
Following the trial court's denial of their post-judgment motion, Lessees appealed. Lessees' contention on appeal is that Lessors did not sign the original lease agreement and, therefore, that the lease was void. We disagree.
The Penrod case, cited by Lessees as supporting their position, began with a suit by the lessors to set aside a written lease for a term of 99 years, signed by both lessors and by both lessees. Although the parties' signatures were attested to by two witnesses, the testimony was conflicting as to whether one of the lessors and one of the lessees had signed in the presence of the witnesses or whether they had signed at a later time outside the presence of the witnesses.
The trial court denied the lessors' claim to set aside the lease and found the lease to be "valid and binding," and found that the lease "has the effect of a lease agreement and that the [lessees] are entitled to specific performance of the lease agreement." Penrod, 367 So.2d at 1383.
The lessors appealed and the Penrod Court held:
 "By statute in Alabama, for a lease to be valid for a term longer than twenty years, the lease must be attested and recorded. Section 35-4-6
provides:
 " 'No leasehold estate can be created for a longer term than 99 years. Leases for more than 20 years shall be void for the excess over said period unless acknowledged or approved as required by law in conveyances of real estate and recorded within one year after execution in the office of the judge of probate in the county in which the property is situated.'
§ 35-4-6, Ala. Code 1975.
 "Section 35-4-20 governing conveyances of land provides that 'the execution of such conveyances must be attested by one witness.' The central question in this appeal then, is whether the execution of the lease was properly witnessed as required by sections 35-4-6 and 35-4-20.
 "The word 'execution,' when used in connection with instruments conveying title to real property, includes performance of all acts necessary to render the instrument valid or to carry it into effect including signing, sealing when necessary, and delivery. Illinois National Bank Trust Co. v. Holmes, 311 Ill. App. 286, 35 N.E.2d 823, 825
(1941). In order for a lease to be effective, and properly executed, the written instrument must be signed by the lessor or lessors. 51C C.J.S. Landlord Tenant § 217. Therefore, one of the requisites of execution, and an event which must be attested, is the signature of the lessor. The lessor may either sign in the presence of the witness, or, if he signs out of *Page 555 
[the witness's] presence, acknowledge his signature to the witness at the time he attests the execution of the lease. Cf. Reynolds v. Massey, 219 Ala. 265, 122 So. 29 (1929).
 "In the instant case, the evidence was conflicting as to whether [one of the lessors] signed the lease in the presence of the witnesses. . . . .
 "It is not clear from the trial court's order whether it included a finding that [the lessor] did not sign in the presence of the witnesses. If he did not, then the lease was not properly attested as required by section 35-4-6 and, pursuant to such section, is valid only for a twenty-year term and lessees are in possession, there is no basis for a decree of specific performance.
". . .
 "Therefore, if [one of the lessors] signed the lease in the presence of the witnesses, then they did in fact witness his signature and a valid ninety-nine-year lease was created. However, if [this lessor] did not sign in the presence of the witnesses, but [did sign] at a subsequent time, then by statute the lease is only valid for twenty years."
Penrod, 367 So.2d at 1383-84.
The central holding in the Penrod decision, then, is that a lease signed by the lessor outside the presence of witnesses can not be valid for more than 20 years. Lessees, however, rest their contentions on the portion of the Penrod opinion that reads:
 "In order for a lease to be effective, and properly executed, the written instrument must be signed by the lessor or lessors. 51C C.J.S. Landlord Tenant § 217. Therefore, one of the requisites of execution, and an event which must be attested, is the signature of the lessor."
Penrod, supra, 367 So.2d at 1384. In the instant case the original lease was not signed by the lessors; therefore, according to that portion of the Penrod decision that adopted 51C C.J.S. Landlord Tenant § 217 as authority, the lease would not be effective. Of course, Penrod dealt with a lease that stated a term exceeding 20 years.
However, leases — whether they are subject to any further requirements of § 35-4-6 — are subject to the following interpretation of the Statute of Frauds:
 "The words of [§ 8-9-2] are imperative — the agreement or some note or memorandum thereof, expressing the consideration, must be in writing, and subscribed by the party to be charged therewith, or some other person by him thereunto lawfully authorized in writing. . . . . True, it is well settled that the agreement or the note or memorandum thereof need not be signed or, to employ the language of the present statute, subscribed by both parties, but only by him who is to be charged with it; and if signed or subscribed by him, that he is estopped from denying the execution or validity of the instrument because it is wanting in the signature of the other party." (Emphasis supplied.)
Heflin v. Milton, 69 Ala. 354, 357-58 (1881).
Applying the provisions of § 8-9-2. Alabama's codification of the Statute of Frauds, to these facts, we hold that the lease agreement was valid and that Lessors are entitled to enforcement of its terms.
Codification of the Statute of Frauds differ from jurisdiction to jurisdiction in the wording of that portion of the Statute dealing with the required subscribing or signing of a lease. Therefore, "whether the subscription by one of the parties only is sufficient apparently has turned on the wording of the several statutes." Annot., 46 A.L.R.3d 621, at 631 (1972). See, also, 72 Am.Jur.2d Statute of Frauds § 367.5, at 891-92 (1974).
 "Some statutes expressly require that a lease . . . shall be signed by the lessor, but contain no requirement that the lessee shall sign. In other jurisdictions the same conclusion is arrived at by construction of a statute requiring a signing by 'the party to be charged.' In most jurisdictions, however, wherein the statute requires a signing by 'the party to be charged,' these words are construed to *Page 556 
mean the lessee, where he is the defendant in the action, and a signing by him is necessary and sufficient, and where the lessor is the party to be charged with the contract a signing by him is sufficient."
37 C.J.S. Statute of Frauds § 206, at 699700 (1943) (citingMoss v. Cogle, 267 Ala. 208, 101 So.2d 314 (1958); Vinyard v.Republic Iron Steel Co., 205 Ala. 269, 87 So. 552 (1921);Watkins v. Roden Coal Co., 205 Ala. 367, 87 So. 565 (1921); andReach v. Roden Coal Co., 205 Ala. 369, 87 So. 567 (1921), as examples of the construction of such statutes "in most jurisdictions").
Alabama's Statute of Frauds, § 8-9-2, requires that leases for a term of longer than one year be in writing and be signed "by the party to be charged therewith." Section 8-9-2, therefore, while requiring a signed writing, does not require that the signature on a written lease be that of the lessor. Rather, "the lease must be signed by the party against whom the lease is sought to be enforced in the particular action, whether lessor or lessee, and whether plaintiff or defendant." Annot., 46 A.L.R.3d 621, 630 (citing Vinyard, supra; Watkins,supra; and Reach, supra). See, also, 72 Am.Jur.2d Statute ofFrauds, § 364 (1974); Williston, A Treatise on the Law ofContracts § 586 (1961); Restatement (Second) of the Law ofContracts § 135 (1981); Ala. Code 1975, § 7-2-201 (statute of frauds for Article 2 of the Uniform Commercial Code).
In the instant case, Lessees signed a written lease agreement, entered the leased premises on the authority of that lease, and conducted business on the premises. Lessees paid the monthly rent and signed a further document entitled "Agreement to Amend Lease" in order to modify the monthly rental payment amount. Also, on the authority of the written lease agreement, Lessees sublet the premises on three separate occasions.
Reviewing the facts of this case in the light of the foregoing authorities, we interpret those facts, taken as a whole, to establish the validity (and, concomitantly, the enforceability) of the original written lease agreement, which was signed by the Lessees — the "party to be charged" in the instant action. Therefore, in the language of Heflin v. Milton,supra, if the writing is signed by the party to be charged, he "is estopped from denying the execution or validity of the instrument because it is wanting in the signature of the other party." Heflin v. Milton, 69 Ala. at 358. See, also, Moss v.Cogle, supra.
AFFIRMED.
TORBERT, C.J., and SHORES, ADAMS and STEAGALL, JJ., concur.
[1] " § 8-9-2. Certain agreements void unless in writing.
 "In the following cases, every agreement is void unless such agreement or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party to be charged therewith or some other person by him thereunto lawfully authorized in writing:
 "(1) Every agreement which, by its terms, is not to be performed within one year from the making thereof;
". . .
 "(5) Every contract for the sale of lands, tenements or hereditaments, or of any interest therein, except for leases for a term of not longer than one year, unless the purchase money, or a portion thereof is paid and the purchaser is put in possession of the land by the seller." (Emphasis supplied.)