COOK, Justice.
The writ of certiorari is quashed as having been improvidently granted. Notwithstanding, this Court points out that it does not agree with all the reasoning and views expressed in the opinion of the Court of Civil Appeals. See Lynn v. Dodge, 727 So.2d 89 (Ala.Civ.App.1997).
The Court of Civil Appeals concluded that a sheriffs sale is a judicial sale that requires judicial confirmation. We do not agree.
The term “sheriffs sale” is defined by Black’s Law Dictionary (6th ed.1990) as “[a] sale, commonly by auction, conducted by a sheriff or other court officer to carry out a decree of execution or foreclosure issued by a court.” A sheriffs sale of real estate is specifically recognized by statute, and in regard to such a sale the sheriff is authorized, after receiving payment, to execute a deed for the sale of the real estate within five days after the sale. See Ala.Code 1975, § 6-9-149. Because a sheriffs sale, such as the sale that occurred in this case, does not require a confirmation order issued by the court, the one-year period for redeeming property sold by a sheriff to satisfy a judgment debt begins to run on the date of the sale. See Ala.Code 1975, § 6-5-248(b).
For an effective sale of property, there must be an execution, and delivery, of a deed to the property. See Penrod v. Lapere, 367 So.2d 1381 (Ala.1979) (“[t]he word ‘execution,’ when used in connection with instruments conveying title to real property, includes ... signing, sealing when necessary, and delivery”); Duncan v. Johnson, 338 So.2d 1243 (Ala.1976) (execution of a deed that is never delivered is not effectual as a conveyance of title). Here, Lynn did not receive a deed effectuating the transfer of property until April 5, 1995.[1] On January 15, 1996, Dodge gave notice of her intent to exercise her right of redemption, and on March 6, 1996, Dodge amended her complaint to seek redemptive relief. Therefore, *92 Dodge’s exercise of her right to redeem the property occurred within one year of the sale of the property to Lynn.
WRIT QUASHED AS IMPROVIDENTLY GRANTED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, and LYONS, JJ., concur.
SEE, J., concurs in the result.

. On March 21, 1994, Lynn was the highest bidder at a sheriff’s sale of the property belonging to Dodge, located on Andalusia Highway in Escambia County. Lynn received a "sheriff's bill of sale” dated March 22, 1994, describing the property. On April 5, 1995, Lynn received the "sheriff's deed,” which he recorded. At the bottom of the deed is a typed sentence stating, "This Deed is to replace the Bill of Sale given to Mr. Arthur Lynn on March 21, 1994.”