YATES, Judge,
dissenting.
I believe that the alleged contract between the purchaser and the original property owners does not meet the threshold requirements for a valid contract. It is unclear from the alleged contract that the parties agreed upon a price. Therefore, I must dissent.
The document alleged to be these parties’ contract is a preprinted “standard” real-estate form contract wherein the essential terms, such as the names of the parties, the price, and a description of the property, are all left blank. As the parties negotiated the terms of the alleged contract, they made numerous deletions and insertions on that form. The majority says, as does WBT, that the price is $418,318, minus $5,000 in earnest money. However, the price indicated as the “CASH on closing this sale” is either $390,082 or $370,082, neither of which is equal to $418,318 minus $5,000. Further, the portion of the form that reads “Purchase price is based on Lot containing 46,479.8 square feet at _ per square foot,” does not contain a figure. It appears that several figures have been struck through, leaving no number to indicate the price per square foot in that part of the contract. To add to the confusion, in another part of the contract form several numbers have been struck through and a figure of $9 has not been deleted.
Certainly, price is an essential term in a real-estate contract. Because the document does not reflect a common understanding of an essential term of the agreement, that is, because it does not reflect mutual intent or mutual assent to that essential term, there is no contract.
I am also concerned that one of the original property owners did not sign the contract and only one of the four original property owners initialed all of the alleged changes, which WBT is now trying to enforce. The majority cites Anselmo Meat Co. v. Riley, 533 So.2d 552 (Ala.1988), and Moss v. Cogle, 267 Ala. 208, 101 So.2d 314 (1958), for the proposition that only the signature of AB’s agent is necessary for a valid contract. However, the majority’s reliance on those two cases is misplaced.
*784 Anselmo involved a lease agreement whereby the lessee had moved in and had been paying rent (either directly or through sublessees) for almost two years when the lessor sued for failure to pay. The lessee argued that the lease contract was void because the lessor’s signature was not on the contract. The court held that the lessee was equitably estopped from denying the validity of the lease. In Anselmo, the lease document contained a clearly stated price, and the evidence showed partial performance by the lessee. In the present case, there was no clearly stated price and no performance, partial or otherwise.
Moss involved a unilateral option contract. I agree that where the contract is unilateral, all that is needed is the signature of the party against whom the contract is sought to be enforced. However, in the present case the alleged contract is an alleged bilateral contract whereby the seller agrees “to sell the property to the purchaser” and the purchaser is “bound to purchase the property,” as the majority clearly recognizes in its opinion. I find in this alleged contract no valid promise to sell, because one of the original property owners did not sign the contract document and only one of the owners initialed the figure that is alleged to be the final price agreed upon. Thus, this alleged contract lacks one of the terms essential for a contract.
Accordingly, I must dissent.