MOORE, Judge.
 

 On August 24, 2007, Amber L. Tidwell filed a two-count complaint against Pritch-ett-Moore, Inc., Tim Rutledge, and J.W. Properties, LLC.
 
 [1]
 
 J.W. Properties is the owner and lessor of an apartment Tidwell leased beginning August 5, 2005. Pritch-ett-Moore is the leasing agent for J.W. Properties. Rutledge is an employee of Pritchett-Moore. In count one of her complaint, Tidwell sought a judgment against J.W. Properties declaring that the
 
 *85
 
 automatic-renewal provision of her lease was invalid. Tidwell also sought $10,000 and costs from Rutledge and Pritchett-Moore for their alleged acts of fraud, coercion, intimidation, and breach of fiduciary duty in causing her to lose the opportunity to lease another apartment. For purposes of this opinion, we will refer to those claims collectively as “Tidwell’s fraud claim.”
 
 [2]
 
 In count two of her complaint, Tidwell sought to certify a class of all other persons situated similarly to herself with regard to the automatic-renewal provision of the lease.
 

 On January 11, 2008, Pritchett-Moore and' Rutledge moved for a summary judgment as to the enforceability of the automatic-renewal provision of the lease. On January 29, 2008, Tidwell filed her own summary-judgment motion addressed to that issue. On February 28, 2008, the trial court entered a judgment entitled “Order on Validity of Leases.” In that judgment, the trial court declared that the automatic-renewal provision of the lease was enforceable and was not unconscionable and that the lease was “currently valid” between Tidwell and J.W. Properties. The trial court additionally noted that “[a]ny remaining claim(s) can be addressed in further proceedings, unless the parties agree that these findings are dispositive.”
 

 On May 22, 2008, Pritchett-Moore and Rutledge filed a second summary-judgment motion addressed to Tidwell’s fraud claim. The trial court scheduled a hearing on the motion for June 19, 2008. On June 11, 2008, Tidwell filed an amended complaint in which she attempted to add a claim for damages based on the alleged failure of the defendants to properly maintain the leased premises. Tidwell did not seek leave of the court before filing that amended complaint, which was filed after the first trial setting. On June 19, 2008, the trial court entered a summary judgment in favor of Pritchett-Moore and Rutledge on Tidwell’s fraud claim. The trial court made its judgments final as to Pritchett-Moore and Rutledge, pursuant to Rule 54(b), Ala. R. Civ. P. In its order, the trial court noted that “there remains the issue of the ‘amended’ complaint filed by plaintiff on June 11, 2008.”
 

 On July 15, 2008, Pritchett-Moore and Rutledge moved to strike Tidwell’s amended complaint because Tidwell had not sought leave of court to file the amended complaint or made a showing of good cause for the late amendment.
 
 See
 
 Rule 15(a), Ala. R. Civ. P. On August 1, 2008, the trial court entered an order striking Tidwell’s amended complaint. After striking the amended complaint, the trial court stated that “there are no pending issues before this court, and therefore a final judgment is entered in favor of the Defendants against all claims of the Plaintiff, with costs taxed as paid. This serves as a final order disposing of all claims.”
 

 On July 23, 2008, Tidwell filed a notice of appeal from the trial court’s judgment in favor of Pritchett-Moore and Rutledge as to the enforceability of the automatic-renewal provision and the “fraud” claim. That appeal was assigned case no. 2070966. Tidwell appealed from the August 1, 2008, judgment on August 5, 2008; that appeal was assigned case no. 2071100. This court consolidated those appeals on August 28, 2008.
 

 
 *86
 

 Factual Background
 

 On July 26, 2005, Tidwell signed a lease agreement with “Pritchett-Moore, as agent” for J.W. Properties. The lease agreement required Tidwell to notify Pritchett-Moore at least 90 days before the expiration of the lease period of her intent to vacate the apartment. The lease agreement also contained an “automatic renewal clause,” which stated, in part:
 

 “AUTOMATIC RENEWAL CLAUSE. IF LESSEE FAILS TO GIVE TIMELY WRITTEN NOTICE AS PROVIDED ABOVE OF LESSEE’S INTENTION TO VACATE THE PREMISES ON THE EXPIRATION DATE OF THIS LEASE, IT IS HEREBY AGREED THAT AT THE EXPIRATION DATE HEREOF, THIS LEASE IS AUTOMATICALLY RENEWED FROM YEAR TO YEAR THEREAFTER AT THE PREVAILING RENTAL RATE IN EFFECT ON THE RENEWAL DATE OF THIS LEASE.”
 

 (Capitalization in original.) Tidwell acknowledged that she had read the lease before she signed it and that Rutledge had pointed out to her the automatic-renewal clause in the agreement. By its terms, the initial lease period ran from August 5, 2005, through August 4, 2006.
 

 Tidwell allowed the lease to automatically renew the first year. Tidwell paid rent as set forth in the written lease, and she agreed that the second lease term was set to expire on August 4, 2007, pursuant to the terms of her written lease agreement. Although Pritchett-Moore had tendered to Tidwell a written lease to correspond to that second lease term, Tidwell had refused to execute that written lease for the second year.
 

 It is undisputed that, on May 4, 2007, Rutledge telephoned Tidwell to tell her that, pursuant to the automatic-renewal clause, her lease would renew for a third year on the following day. According to Tidwell’s deposition testimony, Tidwell told Rutledge that she did not want to stay but that she did not yet have another place to live and that Rutledge had told Tidwell to let him know by the following day whether she was staying or going. Tidwell admitted that she did not notify Rutledge the following day, either orally or in writing, that she wished to vacate the apartment and terminate her lease.
 

 Tidwell alleged that, in July 2007, she notified Rutledge that she wished to vacate the apartment because of her dissatisfaction with the condition of the apartment. Rutledge informed Tidwell that the lease had automatically renewed for a third term, commencing on August 5, 2007, and ending on August 4, 2008. Tidwell filed this action shortly thereafter. However, Tidwell remained in the apartment and she continued to pay rent until the expiration of the third lease term on August 4, 2008.
 

 Analysis
 

 Case No. 2070966
 

 In case no. 2070966, Tidwell appeals from the February 28, 2008, judgment granting Pritchett-Moore and Rutledge’s summary-judgment motion and denying her motion for a summary judgment regarding the validity of the lease. Tidwell also appeals from the June 19, 2008, summary judgment for Pritchett-Moore and Rutledge on the fraud claim.
 

 “Our standard of review for a summary judgment is as follows:
 

 “ ‘We review the trial court's grant or denial of a summary-judgment motion
 
 de novo,
 
 and we use the same standard used by the trial court to determine whether the evidence presented to the trial court presents a genuine issue of material fact.
 
 Bock-man v. WCH, L.L.C.,
 
 943 So.2d 789
 
 *87
 
 (Ala.2006). Once the summary-judgment movant shows there is no genuine issue of material fact, the non-movant must then present substantial evidence creating a genuine issue of material fact.
 
 Id.
 
 ‘We review the evidence in a light most favorable to the nonmovant.’ 943 So.2d at 795. We review questions of law
 
 de novo. Davis v. Hanson Aggregates Southeast, Inc.,
 
 952 So.2d 330 (Ala.2006).’”
 

 Lloyd Noland Found., Inc. v. HealthSouth Corp.,
 
 979 So.2d 784, 793 (Ala.2007) (quoting
 
 Smith v. State Farm Mut. Auto. Ins. Co.,
 
 952 So.2d 342, 346 (Ala.2006)).
 

 In Alabama, a lease is controlled by general contract principles.
 
 Hardin v. Kirkland Enters., Inc.,
 
 939 So.2d 40, 44 (Ala.Civ.App.2006). The court will enforce clear and unambiguous contracts pursuant to their terms.
 
 See Bowdoin Square, L.L.C. v. Winn-Dixie Montgomery, Inc.,
 
 873 So.2d 1091, 1098 (Ala.2003) (when language used in a lease is plain and unambiguous, there is no room for construction of the contract and the court must ascertain from the writing the intention of the parties; the provisions of the writing are conclusive and govern the rights of the parties).
 

 In this case, the automatic-renewal provision of the lease unequivocally required Tidwell to provide notice at least 90 days before the expiration of her lease term of any intent to vacate the premises. If Tidwell failed to comply with that provision, the lease agreement expressly stated that the lease would renew for another one-year term. Tidwell acknowledged that she understood the meaning of the provision when she signed the lease. Because the automatic-renewal provision is clear and unequivocal, we conclude that the provision is unambiguous and enforceable as written. Accordingly, when Tidwell failed to give the required notice, her lease renewed for an additional year.
 
 See, e.g., Waldrop v. Siebert,
 
 286 Ala. 106, 108-09, 237 So.2d 493, 495 (1970) (recognizing that the lease at issue in that case “continue[d] in being for successive periods of a year until terminated by either party at his will at the end of any year by giving the previous legal notice”).
 
 See also
 
 52 C.J.S.
 
 Landlord and Tenant
 
 §§ 221-22 (2003) (recognizing that a lease may provide for automatic extensions unless lessee notifies lessor of his or her desire to terminate the lease by a specified date).
 

 Upon the renewal of Tidwell’s lease with Pritchett-Moore, as agent for J.W. Properties, the terms that were applicable to her original lease became applicable to her new lease term.
 
 See, e.g., Waldrop,
 
 286 Ala. at 108, 237 So.2d at 495 (indicating that, once automatic-renewal provision of lease took effect, the new lease term was subject to all conditions and covenants of the original written lease). The fact that Tidwell refused to execute a new written lease agreement for subsequent lease years did not modify the terms applicable to her lease or remove any of the contract terms from that lease agreement. Thus, the automatic-renewal provision contained in the original lease and applicable to her first lease term was also applicable to Tid-well’s subsequent lease terms.
 

 Tidwell relies on § 35-9A-162, Ala. Code 1975, as support for her argument that, because she refused to sign a written lease agreement for the second and third lease terms, “her obligation would end at the end of the automatic renewal period in August 2007.” We disagree. Section 35-9A-162 provides, in part:
 

 “(b) If a tenant does not sign and deliver a written rental agreement signed and delivered to the tenant by the landlord, acceptance of possession and payment of rent without reservation
 
 *88
 
 gives the rental agreement the same effect as if it had been signed and delivered by the tenant.
 

 “(c) If a rental agreement given effect by the operation of this section provides for a term longer than one year, it is effective for only one year.”
 

 We read this statute to apply only in the absence of an executed written lease. That is not the ease here. Thus, § 35-9A-162 is inapplicable under the facts of this case.
 

 Tidwell argues that the automatic-renewal provision, if interpreted as urged by Pritchett-Moore and Rutledge, would result in a perpetual renewal of the lease, a result disfavored under the law. Tidwell relies on
 
 Waldrop v. Siebert, supra,
 
 as support for this argument. That case is inapposite.
 

 In
 
 Waldrop, supra,
 
 the issue was whether an automatic-renewal provision granted a lessee the right to renew the lease at issue in perpetuity regardless of the lessor’s wishes. 286 Ala. at 107, 237 So.2d at 494. The court held that, after the expiration of the original term of years, the automatic-renewal provision at issue did not grant the lessee a perpetual right to renew the lease but granted it only an option to renew the lease year-to-year while also granting the lessor the option to terminate at the end of each yearly lease. 286 Ala. at 108, 237 So.2d at 495.
 

 Here, neither the lessor nor the lessor’s agent attempted to require Tidwell to renew her lease “in perpetuity.” Tidwell had the option at the end of each lease term to terminate or renew her lease. Therefore, the automatic-renewal provision at issue does not purport to grant either party the right to hold the other to the lease in perpetuity.
 

 Tidwell next argues that the lease became a month-to-month tenancy at will because the lease had no specified ending date. Again, we disagree. The first lease term, and each year-to-year renewal thereafter, ended exactly one year later, pursuant to the express terms of the lease agreement. Therefore, the express terms of the lease supplied the necessary ending date. Tidwell’s other arguments in this vein simply misconstrue the law applicable to leases and contracts, and we need not specifically address them other than to state that they lack merit.
 

 Additionally, in the trial court, Tidwell argued that the automatic-renewal provision was unconscionable. However, she fails to raise this issue on appeal. An issue not raised on appeal is deemed waived, and we need not address it.
 
 See Boshell v. Keith,
 
 418 So.2d 89, 92 (Ala. 1982) (“When an appellant fails to argue an issue in its brief, that issue is waived.”).
 

 Based on the foregoing, we agree with the trial court that the automatic-renewal provision is enforceable as written and that it applied to Tidwell’s subsequent lease years.
 

 Tidwell next argues that the trial court erred in dismissing her “fraud” claim. However, Tidwell concedes that if the court holds the lease and its automatic renewal provision to be valid, then the summary judgment on the fraud claim is due to be affirmed. Moreover, Tidwell has failed to set forth the law applicable to her fraud claim and how that law applies to the facts of this case. Accordingly, Tidwell’s brief fails to comply with Rule 28(a)(10), Ala. R.App. P., and her arguments in this regard are deemed waived.
 
 See Slack v. Stream,
 
 988 So.2d 516, 534 (Ala.2008). Tidwell has simply failed to provide the court with any legal basis for reversing the trial court’s judgment on this issue.
 
 See Walden v. Hutchinson,
 
 987 So.2d 1109, 1120 (Ala.2007) (when no legal authority is cited or argued, the effect is the saíne as if
 
 *89
 
 no argument has been made); and
 
 Jimmy Day Plumbing & Heating, Inc. v. Smith,
 
 964 So.2d 1, 9 (Ala.2007) (appellant’s three-sentence argument cited only a single case in support of a general proposition of law and offered no discussion of the law as applied to particular facts of this case).
 

 For the foregoing reasons, we affirm the summary judgments entered in favor of Pritchett-Moore and Rutledge on the validity-of-the-lease issue and the fraud claim.
 

 Case No. 2071100
 

 In case no. 2071100, Tidwell appeals from the August 1, 2008, judgment. In that judgment, the trial court, after striking Tidwell’s amended complaint, purported to dismiss all remaining claims and defendants. At that time, all claims against all defendants had been adjudicated except Tidwell’s claim against J.W. Properties for a declaratory judgment and her claim seeking to certify a class. It appears that, on August 1, 2008, the trial court entered a summary judgment in favor of J.W. Properties despite the fact that J.W. Properties had not filed a motion for a summary judgment. However, Tidwell does not argue on appeal that the trial court erred in entering a judgment in favor of J.W. Properties in the absence of a motion for a summary judgment; therefore, that argument is deemed waived.
 
 Slack v. Stream, supra;
 
 and
 
 Walden v. Hutchinson, supra.
 

 Tidwell instead argues that the trial court should not have entered a judgment for J.W. Properties because, she says, J.W. Properties did not sign the lease, thus rendering it invalid. As support for that argument, Tidwell relies on § 8-9-2, Ala.Code 1975, known as the Statute of Frauds. We reject that argument.
 

 First, we note that J.W. Properties acknowledged in a pleading filed with the trial court that it was the owner of the leased premises and that Pritchett-Moore and its employee, Rutledge, were, at all times relevant to Tidwell’s lease, acting as its authorized agents. Thus, J.W. Properties’ admission that Pritchett-Moore was acting as its agent would preclude any subsequent assertion of lack of agency or lack of authorization. Therefore, Tidwell’s claim that the lack of a writing signed by J.W. Properties or its representative could preclude a recovery against J.W. Properties fails to provide any basis for voiding the lease agreement.
 

 Second, in
 
 Anselmo Meat Co. v. Riley,
 
 533 So.2d 552 (Ala.1988), the Alabama Supreme Court unequivocally established that the Statute of Frauds did not require the signatures of both the lessor and the lessee on a lease agreement to be enforceable.
 

 “Alabama’s Statute of Frauds, § 8-9-2, requires that leases for a term of longer than one year be in writing and be signed ‘by the party to be charged therewith.’ Section 8-9-2, therefore, while requiring a signed writing, does not require that the signature on a written lease be that of the lessor. Rather, ‘the lease must be signed by the party against whom the lease is sought to be enforced in the particular action, whether lessor or lessee, and whether plaintiff or defendant.’ ...
 

 [[Image here]]
 

 “Reviewing the facts of this case in the light of the foregoing authorities, we interpret those facts, taken as a whole, to establish the validity (and, concomitantly, the enforceability) of the original written lease agreement, which was signed by the Lessees — the ‘party to be charged’ in the instant action. Therefore, in the language of
 
 Heflin v. Milton,
 
 
 *90
 
 [69 Ala. 354 (1881),] if the writing is signed by the party to be charged, he ‘is estopped from denying the execution or validity of the instrument because it is wanting in the signature of the other party.’
 
 Heflin v. Milton,
 
 69 Ala. at 358.”
 

 533 So.2d at 556. Thus, only the signature of the party (or its authorized agent) to be charged with the obligation at issue is required.
 

 In this case, Tidwell, not J.W. Properties, was the “party to be charged.” Hence, even if we were to hold that J.W. Properties or its duly authorized agent did not sign the lease, which we do not hold, we would still conclude that the lease is valid for the purposes of enforcing the automatic-renewal clause. Therefore, the requirements of the Statute of Frauds were met, and we find no error on that issue.
 

 Tidwell finally argues that the trial court erred in refusing to certify a class as to her claim regarding enforceability of the automatic-renewal provision. We note that although Tidwell requested class certification in her complaint, she did not object to the trial court’s entry of a judgment on the merits before consideration of the class-certification issue. As a result, Tidwell failed to appropriately present her argument to the trial court, and she is raising it for the first time on appeal. This court will not address an issue not presented to a trial court.
 
 See Andrews v. Merritt Oil Co.,
 
 612 So.2d 409, 410 (Ala.1992) (“This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.”).
 

 Conclusion
 

 In case no. 2070966, we affirm the summary judgments entered in favor of Pritchett-Moore and Rutledge as to the validity of the lease and the fraud claim. In case no. 2071100, we affirm the judgment entered in favor of J.W. Properties.
 

 The motion to deny the appeal as moot, filed by Pritchett-Moore and Rutledge, is denied.
 

 2070966 — AFFIRMED.
 

 2071100 — AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ, concur.
 

 [1]
 

 . In her original complaint, Tidwell named Wilhite Properties as a defendant. J.W. Properties, LLC, filed an answer asserting that there was no such entity as Wilhite Properties and that it was the correct defendant. Accordingly, J.W. Properties was later added as a defendant. In this opinion, we refer to J.W. Properties, rather than Wilhite Properties, as the defendant.
 

 [2]
 

 .
 
 Tidwell argues that she also asserted that the lease was abrogated due to the failure of the defendants to maintain her apartment. The trial'court ruled that no such claim was presented in the original complaint. Tidwell argues on appeal that the trial court erred in making that ruling, but she fails to cite any legal authority in support of her argument. That argument is therefore deemed waived.
 
 See
 
 Rule 28(a)(10), Ala. R.App. P.